NOT DESIGNATED FOR PUBLICATION

Nos. 113,697
113,698

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIMBERLY JEAN RANEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed September 4, 2015. Vacated and remanded.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.

*Per Curiam*: Kimberly Jean Raney appeals her sentence following her conviction of vehicle burglary. We granted Raney's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On March 13, 2014, in case number 14CR112, the State charged Raney with one count of vehicle burglary committed on or about November 24, 2012, a severity level 9 nonperson felony. At a plea hearing on October 17, 2014, Raney pled guilty to the crime as charged. The district court noted that Raney was pleading guilty to a severity level 9 felony and advised her that the sentencing range for the offense was 5 to 17 months,

1

depending on her criminal history. The district court ordered a presentence investigation (PSI) report to be completed prior to sentencing. The PSI report correctly indicated that Raney was convicted of a severity level 9 offense and that her criminal history score was "A." However, the PSI report incorrectly listed the sentencing range for the offense as 23-21-19 months. Raney filed a motion for a dispositional and/or durational departure.

At Raney's sentencing hearing on January 15, 2015, the district court noted that Raney was convicted of vehicle burglary, a severity level 9 nonperson felony. Consistent with the PSI report, the prosecutor recommended that the district court impose a sentence of 21 months' imprisonment. Raney argued in favor of her motion for a dispositional and/or durational departure. The district court denied the departure motion and sentenced Raney to 21 months' imprisonment with 12 months' postrelease supervision. The journal entry of sentencing indicates that Raney was convicted of a severity level 9 offense. Raney timely appealed her sentence.

On appeal, Raney argues that the district court imposed an illegal sentence when she received a 21-month sentence for her conviction of vehicle burglary. Resolution of this issue involves the interpretation of the revised Kansas sentencing guidelines act. K.S.A. 2014 Supp. 21-6801 *et seq*. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

Raney was convicted of a severity level 9 nonperson felony and her criminal history score was "A." Under the Kansas sentencing guidelines, Raney fell into a presumptive imprisonment gridbox and she was also subject to presumptive imprisonment for having two or more prior convictions of theft, burglary, or aggravated burglary. See K.S.A. 2014 Supp. 21-6804(p). However, as Raney notes on appeal, the correct sentencing range for a defendant convicted of a severity level 9 offense in criminal history category "A" is 17-16-15 months. See K.S.A. 2014 Supp. 21-6804. A

2

sentence that does not conform to the statutory provision for the term of punishment authorized is an illegal sentence that can be corrected at anytime. K.S.A. 22-3504; *State v. Gayden*, 281 Kan. 290, Syl. ¶ 1, 130 P.3d 108 (2006).

The district court imposed an illegal sentence when it sentenced Raney to 21 months' imprisonment for her conviction of vehicle burglary. We vacate Raney's sentence and remand for resentencing consistent with the sentencing guidelines.

Vacated and remanded.