NOT DESIGNATED FOR PUBLICATION

No. 112,546

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHILIP NEU,
*Appellant.*

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed September 11, 2015. Vacated in part, affirmed in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Steven L. Opat*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: Philip Neu appeals his sentence following his conviction for one count of attempted computer crime and one count of conspiracy to commit theft.

His first claim is that the district court erred when it assessed $600 in attorney fees against him. Neu argues that the sentencing judge did not properly consider his financial resources—as required by K.S.A. 22-4513(b)—when determining whether he would need to repay the state Board of Indigents' Defense Services (BIDS) for expenditures in his case. We review this question independently, without any required deference to the district court. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

When the district judge announced the defendant's sentence from the bench, she first sentenced the defendant to 13 months in prison on the computer-crime charge and 6 months in prison on the theft-conspiracy charge. She made the sentences concurrent to one another. She then turned to the topic of attorney fees, referencing the Kansas Supreme Court's leading case on the issue, *State v. Robinson*, 281 Kan. 538, 543-44, 132 P.3d 934 (2006):

> "[THE COURT:] And anything that the Court should consider as far as the *Robinson* factors, or no?
>
> "[Neu's counsel]: No, Your Honor.
>
> "THE COURT: All right. Then, based on the assertions of counsel, the Court will impose the $200 DNA database fee, the attorney's fees, the BIDS application fee, and the book in, fingerprint fee, as listed in the PSI, and the court costs of $193."

In *Robinson*, our Supreme Court emphasized that the district judge is required to take the defendant's financial resources into account when assessing attorney fees—even if the defendant makes no request for the court to do so:

> "The language of K.S.A. 2005 Supp. 22-4513(b) clearly requires a sentencing judge, 'in determining the amount and method of payment' of BIDS reimbursement, *i.e.*, at the time the reimbursement is ordered, to 'take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose.' The language is mandatory; the legislature stated unequivocally that this 'shall' occur, in the same way that it stated unequivocally that the BIDS fees 'shall' be taxed against the defendant. Compare K.S.A. 2005 Supp. 22-4513(a), (b). The language is in no way conditional. There is no indication that the defendant must first request that the sentencing court consider his or her financial circumstances or that the defendant must first object to the proposed BIDS fees to draw the sentencing court's attention to those circumstances." 281 Kan. at 543-44.

Citing *Robinson*, Neu argues the district court erred because it failed to consider the defendant's financial resources with regard to the assessment of fees. In its brief, the State concedes that the district court failed to comply with *Robinson*. We therefore vacate the district court's assessment of $600 in attorney fees and remand that issue for further consideration consistent with K.S.A. 22-4513(b) and *Robinson*.

Neu raises two other issues, but he recognizes that his position is contrary to Kansas Supreme Court rulings. Neu says that he is raising these issues to preserve them for potential federal appeals.

First, Neu objects that the district court relied upon his criminal-history score, which reflects his past convictions, to set his sentence. Neu argues that a jury must make the factual findings about his past convictions. Our Supreme Court rejected the argument that this violates either the defendant's Sixth and Fourteenth Amendment rights in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002), and the court continues to follow its *Ivory* ruling. See *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015).

Second, Neu objects that the district court chose the longest of the three sentences in the applicable guidelines grid box—called the "aggravated" sentence—without having a jury determine that aggravating factors exist in his case. Once again, our Supreme Court rejected this claim, concluding in *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 (2008), that an appellate court has no jurisdiction to consider this issue on appeal. Once again, the court continues to follow its *Johnson* ruling. *State v. Hilt*, 299 Kan. 176, 201, 322 P.3d 367 (2014).

We vacate the district court's order that Neu pay $600 in attorney fees and otherwise affirm the district court's judgment. The case is remanded for further proceedings consistent with this opinion.