NOT DESIGNATED FOR PUBLICATION

Nos. 112,975
112,976

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

THOMAS DYLAN LLOYD BEATTY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 11, 2015. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney at Law, of Lawrence, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam*:  Thomas Dylan Lloyd Beatty had his probation revoked in 13CR542 and 13CR543 and was sentenced in 13CR919 at the same hearing. The district court ordered that Beatty serve his underlying sentences in 13CR542 and 13CR543 and that these sentences run consecutive to his sentence in 13CR919. Beatty appeals, arguing that the district court's order that his sentences in 13CR542 and 13CR543 run consecutive to his sentence in 13CR919 was an abuse of discretion. Finding no error, we affirm.

1

In 13CR542, Beatty pled guilty to misdemeanor charges of criminal damage to property and violation of a protective order. On October 22, 2013, the district court sentenced Beatty to a controlling term of 12 months in jail and granted probation for 12 months. In 13CR543, Beatty pled guilty to felony charges of criminal threat and harassment by telecommunication device. On October 22, 2013, the district court imposed a controlling sentence of 9 months' imprisonment and placed Beatty on probation for 12 months. Beatty's sentence in 13CR542 was ordered to run consecutive to his sentence in 13CR543.

Beatty later pled guilty to kidnapping and aggravated robbery in 13CR919. At the sentencing hearing on July 1, 2014, the district court granted Beatty a durational departure and imposed a sentence of 88 months' imprisonment. At the same hearing, the district court revoked Beatty's probation in 13CR542 and 13CR543 and ordered those sentences to run consecutive to the sentence in 13CR919. Beatty timely appealed. Beatty's cases in 13CR542 and 13CR543 have been consolidated on appeal.

Beatty's sole argument on appeal is that the district court abused its discretion when it ordered that his underlying sentences in 13CR542 and 13CR543 run consecutive to his sentence in 13CR919. Specifically, Beatty argues that the district court had discretion to run the sentences concurrently pursuant to K.S.A. 2014 Supp. 21-6819(b). He argues that the order for consecutive sentencing resulted in him receiving a controlling sentence that was disproportionate to the harm he caused and his culpability.

Generally, the district court's decision to run sentences concurrently or consecutively is reviewed for an abuse of discretion. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525,

2

531, 285 P.3d 361 (2102). Whether K.S.A. 2014 Supp. 21-6819(b) applies to Beatty's case is a question of statutory interpretation over which this court exercises unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

Beatty's reliance on K.S.A. 2014 Supp. 21-6819(b) is misplaced. K.S.A. 2014 Supp. 21-6819 governs sentencing in multiple conviction cases. However, subsection (b) of the statute applies only to multiple convictions in a single case, as opposed to sentences in separate cases. Whether sentences in separate cases shall be ordered to run concurrently or consecutively is governed by K.S.A. 2014 Supp. 21-6819(a), rather than by subsection (b).

Under K.S.A. 2014 Supp. 21-6819(a), the district court was required to run the sentences in the separate cases consecutively. This is because Beatty committed kidnapping and aggravated robbery in 13CR919 while he was on felony bond in 13CR543. Pursuant to K.S.A. 2014 Supp. 21-6606(d), any person who is convicted and sentenced for a crime committed while on release under a felony bond shall serve the sentence consecutively to the term or terms under which the person was released.

K.S.A. 2014 Supp. 21-6819(a) incorporates the directive of K.S.A. 2014 Supp. 21-6606(d) and requires consecutive sentences unless such application would result in a manifest injustice. Here, Beatty does not argue that the imposition of consecutive sentences resulted in a manifest injustice. Moreover, even if the district court had discretion to run the sentences in the separate cases concurrently, Beatty fails to meet his burden of establishing an abuse of discretion. For these reasons, we conclude the district court did not abuse its discretion when it ordered that Beatty's underlying sentences in 13CR542 and 13CR543 run consecutive to his sentence in 13CR919.

Affirmed.