NOT DESIGNATED FOR PUBLICATION

No. 113,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM L. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed January 29, 2016. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON, J., and WALKER S.J.

*Per Curiam*:  William L. Johnson appeals his sentence after pleading guilty to robbery.   He challenges the use of a person felony juvenile adjudication for attempted aggravated battery from 1988. We affirm.

On December 20, 2002, Johnson pled guilty to a robbery occurring on July 31, 2002.  His lengthy criminal history included, among many other convictions, a 1988 person felony juvenile adjudication for attempted aggravated battery.  As a result of his criminal history and the resulting classification of A, the district court sentenced Johnson to a presumptive sentence of 130 months' incarceration.  He was sentenced on January 28, 2003.

1

Over 10 years later, in November 2014, Johnson filed a motion to correct an illegal sentence. Johnson argued his pre-1993 conviction should not be scored as a person felony based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). He contended his conviction was not a person felony and his sentence should be corrected to 120 months' incarceration.

An illegal sentence may be corrected at any time. See K.S.A. 22-3504(1) (a court may correct an illegal sentence at any time); See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (incorrect criminal history score results in an illegal sentence). Because this question concerns the interpretation of a statute, we exercise unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

In *Murdock*, 299 Kan. 312, Syl. ¶ 5, 323 P.3d 846 (2014), the Supreme Court held that for criminal history purposes, all out-of-state crimes committed before the enactment of the Kansas Sentencing Guidelines Act in 1993 must be classified as nonperson felonies.

Recently, the Kansas Supreme Court overruled *Murdock*, holding:

> "[T]he classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." *Keel*, 302 Kan. 560, Syl. ¶9.

The *Keel* court's rationale focused on the "fundamental rule of sentencing that the penalty parameters for a crime are established at the time the crime was committed." 302 Kan. 560, Syl. ¶ 9. *Keel* clarified that the classification of all in-state and out-of-state

2

pre-KSGA convictions is to be determined by looking to the statute criminalizing the prior offense (if in state) or to the comparable offense statute (if out of state) in effect on the date the defendant committed the *current crime of conviction*. See 302 Kan. 560, Syl. ¶¶ 8-9.

> "In this case, however, given the overall design and structure of the KSGA, we have determined that the legislature's failure to include a specific provision describing how to score prior pre-KSGA in-state convictions or juvenile adjudications is inconsequential. The provisions of the KSGA itself as explained below instructed that prior convictions or adjudications be classified at the time of the current crime of conviction." 302 Kan. at 573.

Johnson challenges the use of his 1988 in-state conviction of attempted aggravated battery. In accordance with the rule in *Keel*, we look to the aggravated battery statute on the date Johnson committed his current crime of conviction—July 31, 2002. On that date, all levels of aggravated battery were classified as person felonies. See K.S.A. 21-3414 (Furse). Therefore, the district court properly classified Johnson's pre-1993 conviction of attempted aggravated battery as a person felony.

Affirmed.