NOT DESIGNATED FOR PUBLICATION

No. 112,648

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAPOLEON B.T. HENDRICKS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed February 12, 2016. Reversed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Kyle Edelman*, assistant district attorney, *Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.


*Per Curiam*:  A Shawnee County jury found Tapoleon B.T. Hendricks guilty of violating the Kansas Offender Registration Act (KORA), K.S.A. 2015 Supp. 22-4901 *et seq*. On appeal, Hendricks contends that there was insufficient evidence presented at trial to support a conviction on the State's charge that he had failed to notify authorities that he had changed his address. Specifically, Hendricks argues that to prove a change of address, the State was required to produce evidence of a new address. In light of the way in which the State charged Hendricks, we agree that there was insufficient evidence presented at trial to support his conviction. Thus, we reverse.

1

On November 12, 2013, Hendricks was convicted of criminal discharge of a firearm into an occupied dwelling, a conviction that required him to registration under the KORA. Hendricks was released from incarceration on the day of his conviction and timely registered with the Shawnee County Sheriff's Office. At the time, he reported his address to be an apartment on Southwest Western in Topeka, Shawnee County. Moreover, he reported that he began residing at that address on the day of his conviction.

On the afternoon of December 27, 2013, Topeka Police Officer Scott Koch—along with another law enforcement officer—went to the Hendricks' registered address to look for him. Although Officer Koch knew that Evelyn Johnson lived at the apartment, he did not know her relationship to Hendricks. When Johnson answered the door, she indicated that Hendricks is her grandson and told the officers that he was not there. According to Officer Koch, Johnson told the officers that Hendricks did not live at the apartment.

On January 15, 2014, the State charged Hendricks with one count of violation of the KORA, K.S.A. 2015 Supp. 22-4905(g). Specifically, the complaint charged that Hendricks "did change [his] address . . . and, within 3 days, did fail to register such change of address" as required by law. Similarly, the arrest warrant alleged that Hendricks had changed his address and failed "to register such change of address" within 3 days.

A jury trial was held on June 18-19, 2014. At trial, the parties stipulated that Hendricks previously was convicted of a crime that required registration under the KORA. The offender registration coordinator for Shawnee County then testified that offenders have 3 days to report any change of address to the Shawnee County Sheriff's

Office. The coordinator further testified that she did not have any record of Hendricks reporting a change of his address.

Johnson testified that Hendricks lived with her until she "got a call that he had been picked up." Johnson testified that Hendricks did not have a key to her apartment. However, she indicated that he slept on her living room floor. She also testified that Hendricks got mail at her apartment and still did so at the time of trial. Hendricks introduced into evidence several hospital bills sent to Johnson's address in January and February 2014.

Johnson further testified that two police officers came to her apartment on December 27, 2013, looking for Hendricks. According to Johnson, she told the officers that Hendricks had just left. She also testified that Hendricks had stayed the night at her apartment the previous night. Moreover, Johnson testified that her boyfriend, Ronnie Polk, was at her apartment when the police officers came looking for Hendricks but that Polk did not live with her. Finally, Johnson testified that she was on a lot of medication, which made it difficult for her to remember things.

Officer Koch testified that before he went to the apartment, he did not know Johnson's relationship to Hendricks. Officer Koch stated that when Johnson answered the door, he asked her if Hendricks was home. According to Officer Koch, Johnson responded by saying that Hendricks did not live there. He also testified that she told the officers that Hendricks' mother and her small child used to live in the apartment but they had moved out.

Officer Koch testified that Johnson told him there was only one bedroom in the apartment. He further testified that she told him that a male friend was sleeping in the bedroom at that time. Officer Koch indicated that he could see into the living room and

3

the bedroom from where he was standing at the doorway. He saw no couch, extra bed, or any other indication that someone other than Johnson lived in the apartment.

Moreover, Officer Koch testified that Johnson told them that Hendricks did not have a key to get in the apartment and that he only came by every once in a while to get food or visit. According to Officer Koch, Johnson did not know Hendricks' phone number or where he was living. However, she purportedly told the officers that Hendricks had a job near Forbes Field and that she thought he was moving to Lawrence. In addition, Officer Koch testified that Johnson told the officers that the last time she spoke with Hendricks was around Christmas, which had been 2 days earlier.

After the State rested, defense counsel moved for a "directed verdict acquittal," arguing that the State failed to establish the requisite evidence to go forward with the trial. Defense counsel did not specifically argue that the evidence was insufficient because the State failed to prove his new address. Accordingly, the district court reviewed the evidence presented by the State and denied the motion.

The defense called Hendricks' mother, Latrina Michelle Johnson, who testified that at the time her son registered with the Shawnee County Sheriff's Office, he was living with her mother at her apartment. She testified that she visited her mother's apartment every day. She also testified that her mother had purchased furniture that ended up having bedbugs, which is why she had to get rid of it.

Hendricks testified on his own behalf. Specifically, he testified that he lived with his grandmother at her apartment following his release from incarceration on November 12, 2013. He further testified that he still lived at his grandmother's apartment at the time of his arrest on January 19, 2014. According to Hendricks, although he initially slept on his grandmother's couch, it was removed because he was getting bit by bedbugs. After

4

that, he slept on the floor and put his bedding in a closet when he woke up each day. Moreover, Hendricks testified that he never moved out of his grandmother's apartment.

Following presentation of the evidence, the jury was instructed that Hendricks was charged with "fail[ing] to register his change of address within three days to the Shawnee County Sheriff's Office." After deliberation, the jury returned a verdict of guilty. Subsequently, on August 1, 2014, the district court sentenced Hendricks to serve 22 months in prison. Thereafter, Hendricks timely filed a notice of appeal.

ANALYSIS

On appeal, Hendricks contends that the evidence presented at trial was insufficient to support the jury verdict finding him guilty of failure to register a change of residence. When a defendant challenges the sufficiency of the evidence in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. We do not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicts in evidence. *State v. Longoria*, 301 Kan. 489, 532-33, 343 P.3d 1128 (2015).

Here, Hendricks was charged as follows:

"On or about the 31st day of December, 2013 in the State of Kansas and County of Shawnee, TAPOLEON BRYOURE TORELL HENDRICKS-REDMOND, an individual subject to Kansas Offender's Registration Act as a result of his conviction for Criminal Discharge of a Firearm into an Occupied Dwelling, on 11/12/13 in Shawnee County, case number 13CR1384, did then and there fail to properly comply with registration, to wit: *did change the address of such person's residence* and, within 3 days, *did fail to register such change of address* in person with the Shawnee County Sheriff and/or in writing with the Kansas Bureau of Investigation, contrary to the form and

5

statutes in such case made and provided and against the peace and dignity of the State of Kansas." (Emphasis added.)

Additionally, the jury instruction on the charge stated:

"The defendant is charged with failure to register as an offender. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. The defendant had been convicted of a crime that requires registration under the Kansas Offender Registration Act.

"2. The defendant *failed to register his change of address* within three days to the Shawnee County Sheriff's Office.

"3. This act occurred on or about the 31st day of December, 2013.

"4. The defendant was required to register as an offender in Shawnee County, Kansas.

"A person convicted of a crime requiring registration under the Kansas Offender Registration Act must register in any county in which the person resides, maintains employment, or attends school; or any county in which the person intends to reside, intends to maintain employment, or intends to attend school." (Emphasis added.)

Although Hendricks stipulated to elements 1 and 4 before trial and element 3 is not in dispute, he argues that there was insufficient evidence presented at trial to support a finding that he "failed to register his change of address" as required by element 2 of the jury instruction. Hendricks claims that because the State charged him with failing to register a "change of address," it was required to prove that he was residing at a new address. In particular, Hendricks maintains that even if we view the evidence presented at

6

trial in the light most favorable to the State, there was nothing offered to prove that he had a new address in order to trigger the requirement to register his new address within 3 business days under K.S.A. 2015 Supp. 22-4905(g). In response, the State contends that it was not required to prove that Hendricks had a new address in order for there to be sufficient evidence to prove the charge of a violation of the KORA.

Interpretation of a statute is a question of law. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). However, we find that the issue presented arises out of how the State chose to charge Hendricks—not on an interpretation of K.S.A. 2015 Supp. 22-4905(g). In Kansas, it is "the charging instrument [that] sets out the specific offense alleged to inform the defendant of the nature of the accusation, to permit the development of a defense to meet that accusation, and to protect against conviction based on facts not contemplated in the accusation." *State v. Hart*, 297 Kan. 494, 508, 301 P.3d 1279 (2013).

In the present case, it appears that the State charged Hendricks using the old statutory language found in K.S.A. 2010 Supp. 22-4904(b), by alleging that he had changed his address. The former K.S.A. 2010 Supp. 22-4904(b) stated: "If any person required to register as provided in this act *changes the address* of the person's residence, the offender, within 14 days, shall inform in writing the law enforcement agency where such offender last registered and the Kansas bureau of investigation of the new address." (Emphasis added.)

In *State v. LeClair*, 295 Kan. 909, 287 P.3d 875 (2012), the Kansas Supreme Court addressed a similar issue to the one presented in this case. LeClair—who was a registered sex offender—left Saline County and travelled to Nevada, Utah, Arizona, and California. He often slept outside and rarely stayed in one city for more than a few days. When he eventually settled in Las Vegas about 3 weeks later, he rented an apartment. In Las Vegas, LeClair registered as an offender with local law enforcement.

7

Nevertheless, the State of Kansas charged him with five counts of failing to register as an offender as required by K.S.A. 22-4904(b). At the conclusion of a bench trial, the district court convicted LeClair of one count—the failure to register his new address within the first 10 days after leaving Saline County. A panel of this court affirmed LeClair's conviction, and the Kansas Supreme Court granted his petition for review. 295 Kan. at 911.

The Kansas Supreme Court found that when LeClair committed his alleged KORA violation, the applicable statute was K.S.A. 22-4904(b). Ultimately, our Supreme Court held in *LeClair* that "an offender does not change the address of residence until obtaining a new place of habitation where the person intends to remain." In so holding, it rejected the argument "that under this statute an address of residence simply means one's bodily presence at a location." 295 Kan. at 914.

In the present case, the State argues that the *LeClair* reasoning is inapplicable because the Kansas Legislature amended the KORA in 2011. Moreover, it is undisputed that because the alleged violation by Hendricks occurred in December 2013, the new version at K.S.A. 2015 Supp. 22-4905(g) applies. See *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004) (stating that criminal statutes and penalties in effect at the time of a criminal offense are controlling). Under the current version of the statute, an offender must:

> "register in person upon any *commencement, change or termination of residence location*, employment status, school attendance or other information as provided in K.S.A. 22-4907, and amendments thereto, within three business days of such *commencement, change or termination*, to the registering law enforcement agency or agencies where last registered and provide written notice to the Kansas bureau of investigation." (Emphasis added.) K.S.A. 2015 Supp. 22-4905(g).

8

Accordingly, there are now three things that can trigger the registration requirement, the "commencement, change or termination of residence location. . . ." K.S.A. 2015 Supp. 22-4905(g). Here, the State did not charge Hendricks for failing to register either the commencement of or the termination of his residence location. Instead, similar to *LeClair*, the State charged Hendricks with failure to register a "change of address" within the time required by the statute. To the extent that an offender is charged with a violation for failing to register a "change of address" under the KORA, we find that the rationale of *LeClair*—that an offender does not change the address of his or her residence until obtaining a new place of habituation where he or she intends to remain— is still applicable.

Based on our review of the record in light of the holding of *LeClair*, we cannot find any evidence presented to support the charge made against Hendricks in the complaint. Specifically, we find no evidence that Hendricks obtained a new residence where he intended to remain. Again, had Hendricks been charged with termination of his residential location under K.S.A. 2015 Supp. 22-4905(g), the result would likely be different because there does appear to be sufficient evidence in the record—when viewed in the light most favorable to the State—that Hendricks no longer was living with his grandmother at the time the officers went to her apartment.

It is important to recognize that the issue presented in this appeal is whether there was sufficient evidence presented at trial to support the crime for which Hendricks was charged and on which the jury was instructed. The State—for whatever reason—only charged Hendricks with changing his address and failing to report the change in address within 3 days. The State did not charge him with any other violations of K.S.A. 2015 Supp. 22-4905(g). Hence, we find the State's emphasis regarding the evidence demonstrating that Hendricks terminated his residence to be misplaced, as the State did not charge him with simply terminating his registered address. Although the State could have moved to amend the complaint to conform to the evidence, it did not choose to do

9

so. See K.S.A. 22-3201(e); see also *State v. Swartz*, No. 110,818, 2014 WL 2871435, at *1 (Kan. App. 2014) (unpublished opinion).

Therefore, because the State presented no evidence that Hendricks changed his address, we conclude that the evidence was insufficient to support the charge asserted against him, and we reverse his conviction. In light of this holding, we will not reach the issue of whether the failure-to-register jury instruction was clearly erroneous.

Reversed.