NOT DESIGNATED FOR PUBLICATION

No. 114,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUIS MOLINA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed June 10, 2016.
Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*David Belling*, assistant county attorney, *Natalie Randall,* county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: Luis Molina appeals the district court's decision revoking his
probation and ordering him to serve 38 months of his original 52-month underlying
prison sentence. Molina argues the district court abused its discretion by not imposing an
intermediate sanction for his new, nonviolent felony conviction. Molina further argues
that the court erred in finding that he had absconded to avoid prosecution for probation
violations. For the reasons stated below, we affirm the district court's judgment.

1

In October 2013, Molina pleaded no contest to one count each of traffic in contraband in a penal institution, distribution of methamphetamine, and possession of marijuana. Based on a criminal history score of H, the district court sentenced Molina to a 36-month term of probation with an underlying 52-month prison sentence.

In September 2014, Molina admitted to violating terms of his probation by failing to report for an office visit with his intensive supervision officer (ISO) in August and lying about his reason for failing to report. Molina accepted a 2-day jail commitment under the graduated sanction of K.S.A. 2015 Supp. 22-3716(c)(1)(B) for these violations. The State filed a motion to revoke probation.

The State filed an amended motion to revoke in January 2015, alleging the following violations: (1) use of marijuana and methamphetamine; (2) failure to report to the Ford County Sheriff's Office as required by the Kansas Offender Registration Act (KORA), K.S.A. 2015 Supp. 22-4901 *et seq.*; (3) failure to report to his ISO; (4) failure to notify his ISO of change in employment status; (5) failure to gain/maintain full-time employment; (6) failure to attend drug and alcohol evaluations; (7) failure to report for urinalysis; and (8) failure to pay community corrections fees.

At the hearing on the motion, Molina admitted the probation violations. At his request, the court then proceeded on a separate case charging him with violation of KORA, based on his failure to register with the sheriff's office in November 2014. The court advised Molina that this charge was rated as a severity level 6 person felony. Against advice of counsel, Molina waived preliminary hearing, was arraigned, and pleaded no contest to the KORA charge. The court announced the conviction and granted the State leave to orally amend its probation violation affidavit to add the conviction. The court set a new hearing date for sentencing on the KORA conviction and disposition of the amended motion to revoke.

In the disposition and sentencing hearing, the State argued that Molina's probation should be revoked because (1) he had a new conviction; (2) he was an absconder; (3) public safety would otherwise be jeopardized; and (4) the offender's welfare would not be served by other sanctions. Alternatively, the State asked for a 180-day "dunk" in prison pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(C). The district court found that Molina had a new felony conviction and was an absconder, justifying revocation of his probation without imposition of an intermediate sanction. The court sentenced Molina to 22 months in prison on the new offense but modified his sentence on the underlying offense to 38 months.

In this appeal, Molina argues that the district court abused its discretion by bypassing intermediate sanctions and instead revoking his probation. Specifically, he argues that his new felony offense of failing to register under KORA is not a violent crime and that he is not a danger to the community, thus; this is not the type of felony that would justify revocation. Further, he argues that the district court erred in finding him to be an absconder.

In a probation revocation proceeding, the district court must determine the factual question of whether there was a violation of probation and then exercise its discretion in determining whether the established violation warrants revocation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Turner*, 300 Kan. 662, 675, 333 P.3d 155 (2014). Molina bears the burden of showing such abuse of discretion. See *State v. Brown*, 300 Kan. 565, 571, 331 P.3d 797 (2014).

The district court's discretion as to whether to revoke probation has been limited by the amendments to K.S.A. 2015 Supp. 22-3716 in 2013 which require, with few exceptions, that courts impose a system of graduated sanctions prior to the sanction of

3

revocation. K.S.A. 2015 Supp. 22-3716(c)(1)(B), (C), (D). The exceptions applied by the district court here are found in K.S.A. 2015 Supp. 22-3716(c)(8), which provides that the district court may bypass the intermediate sanctions under two circumstances: if the offender "commits a new felony or misdemeanor" or "absconds from supervision" during the term of probation. The first ground for the district court's revocation of probation was that Molina had been convicted of a new felony during the term of his probation. Molina does not contend that he was not convicted of a new felony, but he contends that his conviction for failure to register under KORA is not the kind of felony envisioned in K.S.A. 2015 Supp. 22-3716(c)(8) because it "was not for a violent crime and posed no real danger to the community."

Statutory interpretation is a question of law, over which we have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language and it should refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). The statute plainly states that probation may be revoked for "a" new felony conviction. K.S.A. 2015 Supp. 22-3716(c)(8). The characterization of types of felonies, although urged by Molina, was not included by the legislature. While consideration of the nature of the new offense could be used by a court to help inform its exercise of discretion, there was no abuse of discretion by the district court's reliance on the plain language of the statute. Accordingly, we affirm the court's ruling on this ground. Thus, we need not reach the district court's second basis for revoking Molina's probation—its finding that Molina had absconded from supervision.

Having carefully reviewed the record of the revocation proceedings, we find no abuse of discretion in the district court's revocation of probation.

Affirmed.