NOT DESIGNATED FOR PUBLICATION

No. 113,627
No. 113,628

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FELIX HURTADO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed August 5, 2016. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  In 2004, Felix Hurtado was convicted in a Kansas federal court of possession of methamphetamine with the intent to distribute. An amendment to the Kansas Offender Registration Act, K.S.A. 22-4901, *et seq*. (KORA), which became effective July 1, 2007, required Hurtado to register as a drug offender because of his 2004 federal drug conviction. In 2013, the definition of "drug offender" was amended under KORA to read, in pertinent part: any person who "on or after July 1, 2007: . . . *has been convicted of* an offense that is comparable to any crime defined in this subsection."

1

K.S.A. 2013 Supp. 22-4902(f)(2). Hurtado concedes that his 2004 federal drug conviction is comparable to possession of methamphetamine with intent to distribute in violation of K.S.A. 2013 Supp. 21-5705.

Nevertheless, Hurtado contends that the 2013 amendment to KORA applies retroactively to nullify his four felony convictions for failing to register under KORA in 2009 and 2010, for which he is currently serving a lengthy prison sentence. We disagree. Accordingly, we affirm.

On February 23, 2004, Felix Hurtado was convicted in a Kansas federal court of possession with intent to distribute methamphetamines in violation of 21 U.S.C. § 841(a).

Effective July 1, 2007, our legislature amended KORA to include registration requirements for certain "drug offenders." See L. 2007, ch. 183, sec. 1 (codified at K.S.A. 22-4902[a][8], [a][11]). There is no dispute that Hurtado's 2004 felony conviction placed him within that statutory definition of drug offenders.

On July 31, 2009, Hurtado went to reside in Sedgwick County upon his release from federal prison, thereby triggering his KORA registration obligations. See K.S.A. 22-4906(a).

In August 2009, and monthly between May and July 2010, Hurtado failed to satisfy his KORA registration requirements. Consequently, the State charged Hurtado in case numbers 10 CR 739 and 10 CR 2537 with four counts of failing to register in violation of K.S.A. 22-4903(a), all severity level 5 felonies. Under a joint plea agreement with the State, Hurtado entered guilty pleas to all of those charges and a no-contest plea to a firearms charge in another case not at issue here. Hurtado is now serving a 130-month prison sentence the trial court ordered him to serve after revoking Hurtado's probation in both cases.

2

Effective July 1, 2013, the legislature again amended KORA's definition of drug offenders who are required to register under KORA. Two years later, Hurtado moved the trial court for his immediate release, arguing that this amendment removed him from the definition of drug "offender" and must be applied retroactively to set aside his convictions for failing to register in 2009 and 2010. In other words, Hurtado believed his prior convictions had to be set aside because the legislature "decriminalized" his previous failures to register.

Following a hearing, the trial court denied Hurtado's motion for two reasons. First, the trial court determined that the 2013 amendment to KORA had no influence over Hurtado's obligation to register. Second, the trial court determined that even assuming, for the sake of argument, that the amendment negated Hurtado's registration obligations, it could not be applied retroactively to nullify his prior convictions for failing to register under KORA.

*Does a 2013 Amendment to KORA Void Hurtado's Convictions for Failing to Register as a Drug Offender in 2009 and 2010 in Violation of KORA?*

Hurtado maintains that the trial court erred in denying his motion for immediate release because KORA amendments "have consistently been held to apply retroactively." The State agrees that amendments to the registration requirements of KORA apply retroactively but disagrees that the application has any effect on the substantive criminal provisions of KORA under which Hurtado was convicted.

*This Court's Standard of Review is De Novo.*

Resolution of this issue requires statutory interpretation, which is a question of law subject to unlimited review on appeal. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

3

*In 2013, our Legislature Amended the Definition of "Drug Offender" in KORA.*

Hurtado does not dispute his obligation to register under KORA up until July 1, 2013. Just prior to that date, the pertinent section of KORA provided:

> "'Drug offender' means any person who has been convicted of:
> . . . .
> "(3) K.S.A. 65-4161, prior to its repeal, or subsection (a)(1) of K.S.A. 2010 Supp. 21-36a05, prior to its transfer, or subsection (a)(1) of K.S.A. 2012 Supp. 21-5705, and amendments thereto. . . . ;
> "(4) an offense that is comparable to any crime defined in this subsection . . . ." K.S.A. 2012 Supp. 22-4902(f).

There is no dispute that Hurtado's 2004 federal conviction of possession with intent to distribute methamphetamines in violation of 21 U.S.C. § 841(a) is comparable to the before mentioned Kansas offense in violation of K.S.A. 2012 Supp. 21-5705(a)(1).

Effective July 1, 2013, our legislature amended this statute, as represented here by strikethroughs for omissions and bold text for additions:

> "(f) 'Drug offender' ~~means~~ **includes** any person who ~~has been convicted of~~, **on or after July 1, 2007**:
>
> "**(1) Is convicted of any of the following crimes**:
>
> "~~(1)~~ (**A**) Unlawful manufacture or attempting such of any controlled substance or controlled substance analog, as defined in K.S.A. 65-4159, prior to its repeal, K.S.A. 2010 Supp. 21-36a03, prior to its transfer, or K.S.A. 2012 Supp. 21-5703, and amendments thereto;
>
> "~~(2)~~ (**B**) possession of ephedrine, pseudoephedrine, red phosphorus, lithium metal, sodium metal, iodine, anhydrous ammonia, pressurized ammonia or

4

phenylpropanolamine, or their salts, isomers or salts of isomers with intent to use the product to manufacture a controlled substance, as defined in subsection (a) of K.S.A. 65-7006, prior to its repeal, subsection (a) of K.S.A. 2011 Supp. 21-36a09, prior to its transfer, or subsection (a) of K.S.A. 2012 Supp. 21-5709, and amendments thereto;

"(3) (**C**) K.S.A. 65-4161, prior to its repeal, subsection (a)(1) of K.S.A. 2010 Supp. 21-36a05, prior to its transfer, or subsection (a)(1) of K.S.A. 2012 Supp. 21-5705, and amendments thereto. The provisions of this paragraph shall not apply to violations of subsections (a)(2) through (a)(6) or (b) of K.S.A. 2010 Supp. 21-36a05 which occurred on or after July 1, 2009, through April 15, 2010;

"(4) (**2**) **has been convicted of** an offense that is comparable to any crime defined in this subsection, any out of state conviction for an offense that under the laws of this state would be an offense defined in this subsection; or

"(5) (**3**) **is or has been convicted of** an attempt, conspiracy or criminal solicitation, as defined in K.S.A. 21-3301, 21-3302 or 21-3303, prior to their repeal, or K.S.A. 2012 Supp. 21-5301, 21-5302 and 21-5303, and amendments thereto, of an offense defined in this subsection." L. 2013, ch. 127, sec. 1 (codified at K.S.A. 2013 Supp. 22-4902[f]).

Hurtado isolates subsections (f)(1) and (f)(2), arguing that only a drug offender who has been convicted of a comparable offense *on or after July 1, 2007*, must register under KORA after the statute's effective date (July 1, 2013). From there, Hurtado contends: "[B]ecause amendments to KORA apply retroactively, the 2013 amendment retroactively removed his requirement to register. As a result, he could not have violated any offender registration requirements that did not apply to him, and his convictions for offender registration violation should be vacated."

The State's two-fold response follows the trial court's reasoning in denying Hurtado relief. We address the State's contentions in reverse order because if the

amended statute applies to Hurtado, there is arguably no need to consider whether the amendment applied retroactively in the manner he suggests.

*Did the 2013 KORA Amendment Remove Hurtado From the Definition of "Offender?"*

To reiterate, a key premise to Hurtado's argument is that the addition of the "on or after July 1, 2007" language to the opening of K.S.A. 2013 Supp. 22-4902(f) removed him from KORA's definition of a "drug offender." According to Hurtado, the addition of that date at the outset of this definition limited the lookback period for prior comparable convictions that fall within the purview of KORA. Moreover, because Hurtado's prior drug conviction occurred before July 1, 2007, he contends that the amendment "remove[d] [him] from the class of persons required to register." On the other hand, the State maintains that Hurtado's argument misinterprets the plain language of the statute.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). Thus, this court's first task is to determine whether that intent can be gleaned from interpreting the plain and unambiguous language of K.S.A. 2013 Supp. 22-4902(f). If so, this court need not resort to cannons of statutory construction or otherwise speculate about the legislature's intent. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). Of note, our courts do not interpret statutory language in isolation. *State v. Brown*, 303 Kan. 995, 1006, 368 P.3d 1101 (2016). Rather, the goal is to "attempt to harmonize all the parts of an act to the greatest extent possible." 303 Kan. at 1006.

In defining "drug offender," K.S.A. 2013 Supp. 22-4902(f)(1) through (3), our legislature used the terms "is convicted" in subsection (1); "has been convicted" in subsection (2); and "is or has been convicted" in subsection (3). The phrase "is convicted" connotes present tense, meaning persons convicted of the crimes listed thereunder

6

immediately become subject to KORA's registration requirements. Grammatically speaking, the phrase "has been convicted" is in the present perfect tense. This means that the action has been completed at or before the present. That is, it is *perfect* at the *present* time. For example: Defendant has been convicted of an offense—completed. Thus, by using "has been convicted" in subsection (2), the legislature clearly intended to include in the definition of "drug offender" any person "convicted of an offense" at or before the enactment of KORA "that is comparable to any crime defined in" K.S.A. 2013 Supp. 22-4902(f)(1). Hurtado, no doubt, falls within this definition.

In sum, under the plain language of the statute, Hurtado remains a "drug offender" obligated to register under KORA because "*on or after July 1, 2007*," Hurtado "*has been convicted of* an offense that is comparable to any crime defined in this subsection," that is, possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)—a crime that no one disputes is comparable to possession of methamphetamine with intent to distribute in violation of K.S.A. 2013 Supp. 21-5705. (Emphasis added.) K.S.A. 2013 Supp. 22-4902(f)(2). Because the 2013 amendment had no influence on Hurtado's obligation to register, we need not address the retroactive issue.

Affirmed.