NOT DESIGNATED FOR PUBLICATION

No. 119,634

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAYLA M. WEST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed August 9, 2019. Sentence vacated and case remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: Kayla M. West appeals her sentence following her convictions of attempted aggravated indecent liberties with a child, indecent solicitation of a child, and contributing to a child's misconduct. West argues the district court abused its discretion in imposing a 36-month prison sentence, claiming that the court's decision to do so was based on an error of fact. Upon our review of the record, we cannot discern whether this error of fact was determinative in the district court's sentencing decision. Given this uncertainty, we vacate West's sentence and remand with directions for resentencing.

1

In September 2017, the State charged West with two counts each of aggravated indecent liberties with a child and criminal sodomy and a single count of contributing to a child's misconduct. The charges arose from West's sexual relationship with 15-year-old D.M. Pursuant to a plea agreement, West pled guilty to one count each of attempted aggravated indecent liberties with a child, indecent solicitation of a child, and contributing to a child's misconduct. In exchange for West's pleas, the State agreed to recommend a border box sentence of probation and to recommend the low number in the appropriate sentencing guidelines grid box, with all counts running concurrently. The State's recommendations were based, in part, upon its belief that West had a criminal history score of H. The plea agreement provided that the State would not be bound by its recommendations if, any time before sentencing, West was arrested, committed a new offense, or violated the conditions of her bond.

Prior to sentencing, the district court revoked West's bond after she was arrested on drug charges and admitted to violating the conditions of her bond by using cocaine, alcohol, and methamphetamine. As a result, the State was no longer bound by its sentencing recommendations in the plea agreement. In addition, a presentence investigation report revealed that West had a criminal history score of F rather than H. Accordingly, West was no longer eligible for probation under the border box and faced a presumptive prison sentence.

Thereafter, West filed a motion seeking a dispositional departure sentence. The motion asserted several substantial and compelling reasons for the district court to depart, including: (1) West's acceptance of responsibility by admitting guilt to the court and entering her pleas of guilty, (2) West's criminal history included no person felonies, (3) the availability of suitable and effective rehabilitation programs, (4) West's addiction to methamphetamine was responsible for her admitted drug use while on bond, and (5) the

harm caused by West's crimes was less than typical because she suffered domestic abuse at the hands of D.M., the relationship with D.M. was consensual, and West was unaware of D.M.'s age at the time of the crimes.

The case proceeded to sentencing, where the prosecutor advised the district court that given West's bond violation, the State was requesting a controlling prison sentence of 34 months. Defense counsel argued in support of West's motion for a dispositional departure sentence to probation, arguing that the reasons set forth in the motion constituted substantial and compelling reasons to depart. West also personally addressed the court, stating that she wanted to get help for her drug addiction.

The district court, unpersuaded by defense counsel's argument for a dispositional departure, instead considered the motion as one for a durational departure. The judge noted—incorrectly—that the State was recommending a controlling 44-month prison sentence and instead imposed a controlling 36-month prison term:

> "In your case, the State is recommending 44 months. It was originally a 41-month recommendation. . . . What I am going to do is, I'm going to impose a sentence of 36 months, which is somewhat less than what was recommended. . . .
>
> "I also honestly understand the fact that in the grand scheme of things a month here and a month there is not really a great amount of time. Here it is going to be about 8 months, which is a more significant amount of time. What I've learned is, obviously people that come into court in jumpsuits and denims they wear in prison, every day is consequential. So the 8-month departure is consequential.
>
> . . . .
>
> "Taking into account, then, the nature and circumstances of the crime, the history, character, condition of the defendant, and the lowest minimum sentence, which in the opinion of the Court is consistent with public safety, the needs of the defendant, and the seriousness of the crime, I will make the following findings and orders:  I find the primary crime that controls the base sentence is Count 1, a severity level 5 person felony. Criminal history is grid box F. I will, as I've indicated, accept the departure motion as a

3

request for a durational departure and grant it on the basis for the reasons stated in that motion, and impose a sentence of 36 months in the custody of the Secretary of Corrections."

West timely appeals.

ANALYSIS

West argues that the district court abused its discretion by imposing a departure sentence that was based on a mistaken recollection of the State's sentencing recommendation.

A sentencing court shall impose the presumptive sentence provided by the Kansas Sentencing Guidelines Act unless the judge finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2018 Supp. 21-6815(a). While a district court may depart from the guidelines sentence when substantial and compelling reasons justify a departure, it is not required to do so. See K.S.A. 2018 Supp. 21-6818(a). "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go beyond what is ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

When the extent of a departure is challenged in a criminal case, the appellate court reviews the district court's decision for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable, i.e., no reasonable person would have taken the view adopted by the district court; (2) guided by an erroneous legal conclusion; or (3) based upon an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). As the party asserting the error, it is West's burden to prove such abuse. See *State v. Eddy*, 299 Kan. 29, 33, 321 P.3d 12 (2014).

4

West alleges that the district court's decision to impose a 36-month prison sentence qualifies as an abuse of discretion because the court premised its decision upon an error of fact—that the State had recommended a 44-month prison sentence. West asserts that if the district court realized that the State had actually recommended a 34-month prison sentence, it is possible that the court would have departed to a greater extent than it did. In response, the State argues that the district court's misstatement about the State's sentencing recommendation was not a mistake of fact that related to the departure sentence itself. Instead, the State claims that the court arrived at its sentencing decision on its own accord after assessing all the factors proposed by defense counsel.

West faced a presumptive prison sentence of 41-44-47 months in the applicable sentencing guidelines grid box. In discussing the "8-month departure," however, the district court did not mention West's presumptive sentence or otherwise indicate that it was departing from the sentencing guidelines. Instead, the court erroneously referenced the State's 44-month recommendation and then stated that it would impose a 36-month prison sentence, an 8-month departure that was "somewhat less than what was recommended." The district court later stated that it was granting West's departure motion "for the reasons stated in that motion." Under these circumstances, we are unable to discern whether the error of fact relating to the State's sentencing recommendation was determinative in the district court's decision to impose a 36-month prison sentence. As a result, we must vacate West's sentence and remand the matter to the district court for resentencing.

West's sentence is vacated and the case is remanded with directions.

5