NOT DESIGNATED FOR PUBLICATION

No. 113,968

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE A. FRISBIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 20, 2016. Affirmed in part, reversed in part, and remanded with directions.

Submitted for summary disposition by the parties pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: Kyle A. Frisbie appeals the district court's revocation of his probation and imposition of his underlying sentence. We granted Frisbie's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Frisbie was charged with burglary, a severity level 7, person felony, and theft, a severity level 9, nonperson felony. The crimes occurred while Frisbie was on probation in another case. Thus a special rule applied so that a prison sentence could be imposed. He pled nolo contendere to both charges.

1

On February 3, 2014, Frisbie was sentenced to 36 months' probation, with a total underlying prison term of 24 months. The sentence was to run consecutive to another case. The district court imposed several conditions of probation, including: a 30-day jail sanction; a requirement that Frisbie report to his intensive supervision (ISO) officer as directed; a requirement that he gain and maintain full-time employment or perform a combination of working, seeking employment, performing community service, or attending school; a requirement that he pay restitution in the amount of $50 per month; and a requirement that he not possess or consume drugs or alcohol without a legal prescription. The district court warned Frisbie, "I have great concerns that you're going to have a problem following these probation conditions. I want to be crystal clear to you, if you violate your probation, if I find it significant enough, you are going to do these 24 months in prison."

On December 30, 2014, a warrant was issued for Frisbie based on allegations that he had violated the conditions of his probation in the following ways: tested positive for opiates, was unsuccessfully discharged from his cognitive skills class for failure to attend; failed to attend Career Quest; failed to obtain and maintain full-time employment; failed to make a restitution payment; failed to complete community service work; failed to report to his ISO for scheduled office visits on December 22 and December 29; and failed to report further.

At his probation revocation hearing on March 2, 2015, Frisbie waived his right to a hearing and admitted to the probation violations. The district court then revoked his probation. The prosecutor contended that Frisbie had absconded from probation because he had been ordered to appear to his ISO on December 22 and was not arrested until January 27, 2015. Frisbie's attorney agreed that Frisbie had absconded but contended that he did not set out to. Frisbie's attorney argued that Frisbie was addicted to pain medication and needed to be put into residential treatment and receive drug and alcohol

treatment. The court asked if Frisbie wanted to say anything on his own behalf, but Frisbie declined.

The district court found that Frisbie probably could not complete probation based on his history of not reporting and other issues. The court noted that it had wanted to impose a prison term at Frisbie's sentencing because of a special rule that applied but did not because the prosecutor had recommended probation as part of the plea agreement. The court then found Frisbie had absconded and imposed his underlying prison sentence. Frisbie appeals.

On appeal, Frisbie contends the district court erred in revoking his probation and in imposing his underlying prison sentence.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Frisbie bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Frisbie stipulated to eight probation violations. He has not pointed to any errors of fact or law in the district court's decision to revoke his probation. The decision was not arbitrary, fanciful, or unreasonable. Rather, the district court noted that Frisbie had been given an opportunity at probation, despite his history of problems on probation, and had failed to comply with its terms as directed. Therefore, the court was well within its discretion to revoke Frisbie's probation and we affirm the probation revocation.

As to the district court's imposition of Frisbie's underlying sentence, K.S.A. 2015 Supp. 22-3716(c) provides that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9).

The district court found that Frisbie had absconded from supervision while on probation. In *State v. Huckey*, 51 Kan. App. 2d 451, 455-58, 348 P.3d 997, *rev. denied* 302 Kan. __ (2015), the court held that one instance of failing to report does not constitute "absconding" within the meaning of K.S.A. 2014 Supp. 22-3716(c)(8). "Absconding is more than just not reporting." 51 Kan. App. 2d at 456. Absconding means "to depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process" or that the probationer has "fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d 451, Syl. ¶ 5, 458. "At an evidentiary hearing the State must prove by a preponderance of the evidence that the probationer has absconded." 51 Kan. App. 2d at 457.

Review is unlimited to the extent resolution of the issues require statutory interpretation. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). We review the district court's finding of fact that a defendant has absconded to determine if it is supported by substantial competent evidence. *Huckey*, 51 Kan. App. 2d at 457. Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

At Frisbie's revocation hearing, the prosecutor stated:

4

> "[Y]ou could also find that he absconded from probation, as he was ordered to appear for [an] office visit on the 22nd of December of last year. He was not arrested until January 27th, 2015. From talking with the ISO, their system listed him as absconder as of the 14th of January."

Frisbie's attorney responded, "I don't think he set out to abscond, but he definitely did. He had a couple different probations active. He had this probation, then he had a Derby City probation. He got the two probation dates confused. And, after that, it just went downhill . . . ." The district court then found:

> "[O]nce you go off the reservation and abscond for a month and reporting to no one, and being monitored or supervised by no one, you're not leaving us with a lot of choices.
> "So at this point I don't believe probation is an option for you any further. I am going to find that you have absconded. And, as a result, . . . I'm going to revoke and impose your sentence in this case."

The district court's finding that Frisbie had absconded from supervision was not supported by substantial evidence. The State merely alleged that Frisbie did not report for a month. That alone is not absconding. In *Huckey*, the State's assertion that the probationer had failed to report for more than 2 months was insufficient to establish that the probationer had absconded from supervision. 51 Kan. App. 2d at 458. In contrast, in *State v. Croslin*, No. 113,695, 2016 WL 758661, at *4 (Kan. App. 2016) (unpublished opinion), the court held that a defendant had absconded partly because the defendant admitted that he failed to report because there was a warrant out for his arrest.

Here, there was no evidence that Frisbie failed to report in order to avoid arrest, prosecution, or service of process. Rather, Frisbie's attorney asserted that Frisbie got the probation dates confused. The State presented no evidence to prove otherwise. Therefore, the State did not meet its burden to prove that Frisbie had absconded.

5

We reverse the district court's ruling that Frisbie absconded. The court did not make any other findings under K.S.A. 2015 Supp. 22-3716(c)(8) or (c)(9) that Frisbie had committed a new crime, that the safety of members of the public would be jeopardized by continued probation, or that the welfare of the offender would not be served by imposition of an intermediate sanction. Therefore, we remand for further proceedings. If the district court does not want to impose an intermediate sanction, it must make the findings required by the statute.

Affirmed in part, reversed in part, and remanded with directions.