(81 P.3d 442)

No. 90,083

STATE OF KANSAS, *Appellee*, v. DAVID CAMERON, *Appellant*.

—

Opinion filed December 19, 2003.

*Ralph J. De Zago*, of Herington, for the appellant.

*Bobby J. Hiebert, Jr.*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, for the appellee.

Before PIERRON, P.J., GREENE, J., and JONES, S.J.

PIERRON, J.: David Cameron appeals the district court's decision to terminate a pretrial diversion and to reinstate criminal prosecution. The issue on appeal is whether the termination order is an appealable order and jurisdiction is proper in this court.

After the State successfully appealed the district court's dismissal of multiple sexual charges against Cameron, he entered a pretrial diversion agreement and prosecution of the case was stayed. Pertinent conditions of Cameron's diversion included payment of a diversion fee, a reparations fee, a fine, restitution, and attorney fees. The conditions also required Cameron to perform 40 hours of community service. The State sought revocation of the diversion agreement after Cameron failed to pay monies owed and failed to perform community service work. After hearing evidence, the district court revoked the diversion agreement and reinstated prosecution of the charges against Cameron. Cameron appeals the revocation of the diversion agreement. This court issued a show cause order for parties to address whether the appeal should be dismissed for lack of jurisdiction.

"The right to appeal in a criminal case is strictly statutory and absent statutory authority there is no right to appeal." *State v. Freeman*, 236 Kan. 274, 276, 689 P.2d 885 (1984). This statutory authority should not be enlarged or expanded by construction. *State*

*v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). When the record discloses a lack of jurisdiction, it is the duty of the appellate court to dismiss the appeal. *City of Overland Park v. Travis*, 253 Kan. 149, 153, 853 P.2d 47 (1993). Whether jurisdiction exists is a question of law over which the appellate court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

Cameron argues his situation should be viewed as akin to the procedural aspects of double jeopardy. He states that the purpose of the prohibition against double jeopardy is to protect a person from "having to go through a trial when the trial should not have occurred to begin with." He cites *Abney v. United States*, 431 U.S. 651, 52 L. Ed. 2d 651, 97 S. Ct. 2034 (1977), where the Court held that when a district court has denied a defendant's claim of right not to stand trial on double jeopardy grounds, the United States Supreme Court has consistently held the court's decision appealable, for such a right cannot be effectively vindicated after the trial has occurred. He contends that if his position on the poverty and community service limitation issues are correct, then he is forced to endure a trial prior to appellate court review of the legitimacy of the termination of the diversion agreement, and the purpose of the agreement, like double jeopardy, has been thwarted.

The inherent problem with Cameron's theory of double jeopardy is that he has yet to be placed in jeopardy for his crimes. Double jeopardy protects against being prosecuted twice for the same offense, not being prosecuted initially for the crime. See *State v. Beerbower*, 262 Kan. 248, Syl. ¶ 4, 936 P.2d 248 (1997) (defendant is not in jeopardy in a case tried to the court until the court begins to hear evidence); *In re Habeas Corpus Petition of Minnis*, 29 Kan. App. 2d 644, Syl. ¶ 2, 29 P.3d 462 (2001) (when trial is by jury, jeopardy attaches when the jury has been impaneled and sworn).

The closest case addressing the current jurisdiction issue is *State v. McDaniels*, 237 Kan. 767, 703 P.2d 789 (1985), where the State appealed the district court's decision to *not* terminate a pretrial diversion agreement. The State argued the district court's decision was essentially an order "suppressing evidence" within the appealable avenues granted in K.S.A. 22-3603. 237 Kan. at 770. The

court denied the State's argument and held the appeal was an impermissible interlocutory appeal.

"The primary reason for allowing the State to take interlocutory appeals from suppression orders which substantially impair its ability to prosecute the case is to avoid later problems with double jeopardy. In this case, even though the defendant may eventually have his charges dismissed with prejudice, jeopardy has not attached. Therefore, the State may appeal after the dismissal, and if the appeal is sustained, the defendant may be tried. Accordingly, the potential for a double jeopardy problem which exists in other cases where interlocutory appeals are permitted does not exist in this case.

"Also, the possibility still exists that the defendant may violate his diversion agreement and the trial court, after conducting a hearing, may decide to revoke the diversion and proceed to trial.

"We find in this case evidence was neither suppressed nor excluded within the meaning of the statute. Moreover, there is still a chance the defendant may be brought to trial. If he is, the State's ability to prosecute the case will not be impaired in any way. Accordingly, we hold the trial court's order was not appealable under K.S.A. 22-3603." 237 Kan. at 771.

K.S.A. 2002 Supp. 22-3602(a) governs appealable orders by a defendant in a criminal case and provides, in part:

"Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from *any judgment* against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." (Emphasis added.)

In addressing what is appealable under 22-3602(a), the court in *State v. Rios*, 19 Kan. App. 2d 350, 352, 869 P.2d 755 (1994), stated: "For purposes of K.S.A. 22-3602(a), 'judgment' requires both a conviction and a sentence." See also *State v. Donahue*, 25 Kan. App. 2d 480, 483, 967 P.2d 335, *rev. denied* 266 Kan. 1111 (1998) (an order disqualifying counsel from joint representation of several criminal defendants is not an appealable order). The district court's decision to revoke Cameron's diversion agreement is a not an appealable order within the interpretation of K.S.A. 2002 Supp. 22-3602. As was the case for the State in *McDaniels*, Cameron cannot fit the revocation order into any category of an appealable order in K.S.A. 2002 Supp. 22-3602(a). We arrive at this conclusion based on the absence of any express statutory authority allowing a

criminal defendant to take an interlocutory appeal, the general rule stated above that a judgment does not exist in a criminal case until conviction and sentencing, and a related assumption that a criminal defendant has no right to an interlocutory appeal because he or she can address any intermediate order of the court when appeal of the conviction is ultimately taken.

Without jurisdiction over an appealable order, we will not address any of the other issues concerning the validity of the revocation.

Appeal dismissed.