963 A.2d 847 (2008)
405 N.J. Super. 102
STATE of New Jersey, Plaintiff-Respondent,
v.
Jeffrey NEMES, Defendant-Appellant.
No. A-6320-07T4
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 2008.
Decided October 30, 2008.
Jeffrey Nemes, appellant pro se.
Anne Milgram, Attorney General, for respondent (Lewis J. Korngut, Assistant Attorney General, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ and WAUGH.
The opinion of the court was delivered by
STERN, P.J.A.D.
On September 2, 2008, incident to the decision on defendant's motion for leave to appeal as an indigent, we dismissed the defendant's direct appeal from an order denying his motion to dismiss an indictment on double jeopardy grounds. Our order stated that we did so because "the denial of a pre-trial motion to dismiss the indictment ... does not constitute a final judgment." In his motion for reconsideration, or in the alternative for leave to appeal, defendant argues that "[t]he denial of a motion to dismiss on double jeopardy grounds is a final judgment and appealable as of right." He relies on the United States Supreme Court opinion in Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).
Abney held that "pretrial orders rejecting claims of former jeopardy [and denying a motion to dismiss an indictment on double jeopardy grounds] constitute `final decisions' and thus satisfy the jurisdictional prerequisites of [28 U.S.C.A.] § 1291" and, thus, are "immediately appealable" to the federal courts of appeal. Id. at 662-63, 97 S.Ct. at 2042, 52 L.Ed.2d at 662. The Court first noted that the right to appeal in criminal cases "is purely a creature of statute," id. at 656, 97 S.Ct. at 2038, 52 L.Ed.2d at 658, and that "[f]inality of judgment has been required as a predicate for federal appellate jurisdiction." Ibid. However, the denial of a motion to dismiss on double jeopardy grounds was found to "fall within the so-called `collateral order' exception to the final-judgment rule." Id. at 657, 97 S.Ct. at 2039, 52 L.Ed.2d at 658. Such a claim "fall[s] within the `small class of cases'" which permit appeals as of right from interlocutory orders because defendant *848 can obtain no relief from the trial court "to avoid the trial the defendant maintains is barred by the Fifth Amendment's [double jeopardy] guarantee" when "a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial." Id. at 659, 97 S.Ct. at 2040, 52 L.Ed.2d at 659-60. In other words, defendant "is contesting the very authority of the Government to hale him into court to face trial on the charge against him" irrespective of his guilt or innocence, and he could not otherwise obtain appellate relief from the claim of the government's inability to try him if there were no pretrial appellate review. Ibid. The protection against being twice tried for the same offense would be lost if defendant is improperly required to be tried a second time before his Fifth Amendment right is recognized. Id. at 661-62, 97 S.Ct. at 2041, 52 L.Ed.2d at 661-62.[1]
Certainly, Abney examined the Fifth Amendment's double jeopardy values in construing the federal statute relating to appealability. See ibid. However, there is at least a debate as to whether Abney's statutory construction embodies a constitutional holding, and the existence of respectful authority that it does not, particularly in light of the fundamental principles set forth at the beginning of the opinion. See, e.g., Paul v. People, 105 P.3d 628, 631 (Colo.2005) (noting that the United States Supreme Court has "made clear that its collateral order doctrine is not a matter of constitutional necessity and, in accord with principles of federalism, is not binding on the states"); State v. Apodaca, 123 N.M. 372, 940 P.2d 478, 481-82 (Ct.App.1997) (questioning whether a statute governing appeals would have to be construed to require interlocutory appeal from an order denying a motion to dismiss on double jeopardy grounds); Wiley v. Altman, 52 N.Y.2d 410, 438 N.Y.S.2d 490, 420 N.E.2d 371, 372 n. 2 (1981) (stating that New York's article 78 procedure, which permits a defendant to "seek review in the Appellate Division," provides a sufficient mechanism to permit pretrial review).
There is no history supporting the treatment of orders denying motions to dismiss on double jeopardy and related grounds as final for purposes of appeal in New Jersey. This is especially so because our rules of court do not include such orders among the interlocutory orders expressly deemed "[f]inal judgments of a court, for appeal purposes." R. 2:2-3(a) (final paragraph). See also R. 2:2-3(b); R. 2:2-4; State v. Reldan, 100 N.J. 187, 205, 495 A.2d 76 (1985) (granting "leave to appeal an interlocutory order is itself highly discretionary"); State v. Alfano, 305 N.J.Super. 178, 190, 701 A.2d 1296 (App.Div.1997) (discussing limited reasons for pretrial appellate review of interlocutory orders). The practice permitting motions for leave to appeal from interlocutory orders provides a mechanism for pretrial appellate review where warranted. See R. 2:2-4; R. 2:5-6. Accordingly, we will not permit this appeal to proceed as of right from the denial of the motion to dismiss, and we deny defendant's alternative motion for leave to appeal (premised on the denial of his constitutional argument).
NOTES
[1] The Court quickly added that other interlocutory orders were not subject to the same "collateral-order exception" unrelated to the merits of the case or the admissibility of proofs related to the merits. Abney, supra, 431 U.S. at 663, 97 S.Ct. at 2042, 52 L.Ed.2d at 662. Hence, other orders could not be appealed with the double jeopardy claim; otherwise, interlocutory rulings would be appealable by virtue of "frivolous double jeopardy claims." Ibid.