Filed 6/24/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 125

David Allen Day, Petitioner

v.

Judge Bruce B. Haskell, Judge of the 

District Court, South Central Judicial District, 

and State of North Dakota, Respondents

No. 20110096

Petition for Supervisory Writ.

SUPERVISORY WRIT GRANTED.

Opinion of the Court by Maring, Justice.

Justin Jacob Vinje, P.O. Box 4031, Bismarck, N.D. 58502, for petitioner.

Lloyd Clayton Suhr (argued), Courthouse, 514 East Thayer Avenue, Bismarck, N.D. 58501 and Tyrone Jay Turner (on brief), P.O. Box 2056, Bismarck, N.D. 58502-

2056, Assistant State’s Attorneys, for respondents.

Day v. Haskell

No. 20110096

Maring, Justice.

[¶1] David Allen Day petitioned for a supervisory writ, requesting that we direct the district court to vacate its order denying his motion to dismiss.  We grant the petition for a supervisory writ, concluding double jeopardy prohibits the district court from retrying Day for driving under the influence of alcohol, and we direct the court to vacate its order denying Day’s motion to dismiss and to enter an order dismissing the complaint.

I

[¶2] In April 2010, Day was charged by complaint with driving under the influence of alcohol.  A jury trial was held in February 2011.  After the jury was empaneled and sworn, the trial court called a brief recess and the attorneys left the courtroom.  At some point, Day was alone in the courtroom with the jurors and the bailiff.  When the attorneys returned to the courtroom, they witnessed what appeared to be a conversation between the bailiff, the jurors, and Day.  The trial court returned to the courtroom and read the opening instructions.  After the instructions were read, the State moved for a mistrial based on the communication between the bailiff, the jurors, and Day.

[¶3] The trial court, attorneys, and Day met outside the presence of the jury, and Day objected to the State’s motion and requested the bailiff testify about the communication.  The bailiff testified that some of the jurors were talking about whether pheasants sleep in trees, Day said pheasants often sleep in trees, and the bailiff told the jury about seeing a turkey in a tree.  The State renewed its request for a mistrial.  Day opposed the motion and requested a curative instruction.  The court granted the State’s motion for a mistrial and excused the jury.

[¶4] On March 10, 2011, Day moved to dismiss the complaint, arguing a second trial was prohibited under Fifth Amendment double jeopardy principles.  In April 2011, the trial court, another judge presiding, denied Day’s motion to dismiss, finding a mistrial was reasonably necessary.

II

[¶5] This Court has authority to issue supervisory writs under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04.  The authority to issue supervisory writs is discretionary and is exercised on a case-by-case basis.  
Roe v. Rothe-Seeger
, 2000 ND 63, ¶ 5, 608 N.W.2d 289.  Generally, we will not exercise supervisory authority when the proper remedy is an appeal.  
Id.
  We exercise our authority rarely and cautiously, “and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy.”  
Id.

[¶6] The Double Jeopardy Clause protects an individual from being convicted of the same crime twice and that right can be fully vindicated on appeal after a conviction and sentence.  
Abney v. United States
, 431 U.S. 651, 660-61 (1977). However, the United States Supreme Court has held an accused’s rights would be significantly undermined if the accused has to wait for appellate review until after conviction and sentence.  
Id.
  The rationale stated is that “the Double Jeopardy Clause protects an individual against more than being subjected to double punishments.  It is a guarantee against being twice put to trial for the same offense.”  
Id.
   The purpose of the Double Jeopardy Clause is that “‘the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.’”  
Id.
 at 661-62 (quoting 
Green v. United States
, 355 U.S. 184, 187-88 (1957)).  We conclude this is an appropriate case to exercise our supervisory authority and original jurisdiction.  
See
 
State v. Robideaux
, 475 N.W.2d 915, 916 (N.D. 1991) (a supervisory writ is one way to adequately protect the defendant’s interest against being placed in “risk” of double jeopardy).

III

[¶7] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits successive prosecutions and punishments for the same offense.  The Double Jeopardy Clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment.  
State v. Linghor
, 2004 ND 224, ¶ 19, 690 N.W.2d 201.  North Dakota constitutional and statutory provisions provide protections consistent with the Fifth Amendment.  
See
 N.D. Const. art. I, § 12; N.D.C.C. § 29-01-07; 
Linghor
, at ¶ 19.

[¶8] “‘The general rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn, and in a non-jury trial when the court begins to hear evidence.’”  
Linghor
, 2004 ND 224, ¶ 20, 690 N.W.2d 201 (quoting 
State v. Berger
, 235 N.W.2d 254, 257 (N.D. 1975)).  Here, jeopardy attached when the jury was empaneled and sworn.

[¶9] However, the Double Jeopardy Clause does not prohibit retrial in every case where the first trial has terminated after jeopardy attached but before a verdict is rendered.  
Linghor
, 2004 ND 224, ¶ 20, 690 N.W.2d 201.  Whether a defendant may be retried depends on whether a mistrial was properly granted.  
State v. Voigt
, 2007 ND 100, ¶ 12, 734 N.W.2d 787.  The basic controlling principles in determining whether a mistrial was properly granted are manifest necessity and the ends of public justice.  
Id.
  In 
United States v. Perez
, 22 U.S. 579, 580 (1824), a landmark case construing the Double Jeopardy Clause, the United States Supreme Court said:

We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated.  They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere.  To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner.  But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office.

“The ‘
Perez
 doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant’s option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings.’”  
Voigt
, at ¶ 12 (quoting 
United States v. Jorn
, 400 U.S. 470, 485 (1971)).  Further, a “mechanical formula” does not exist for deciding whether the termination of a criminal trial is supported by a manifest necessity and each case will depend upon its own facts.  
Voigt
, 2007 ND 100, ¶ 13, 734 N.W.2d 787.  This Court has identified a list of nonexclusive factors that may be considered:

“These include: (1) whether counsel were afforded an opportunity to be heard on the issue; (2) whether alternatives to a mistrial were explored; and (3) whether the judge’s decision was made after sufficient reflection.  While this enumeration is not etched in stone—each case is different, and the situations that may arise are simply too diverse to render a mechanical checklist desirable—these factors often serve as a useful starting point.”

Id.
 at ¶ 13 (quoting 
United States v. Keene
, 287 F.3d 229, 234 (1st Cir. 2002)).  The overarching question on appeal is whether the trial court’s decision to grant a mistrial was reasonably necessary under all the circumstances.  
Voigt
, at ¶ 13.

[¶10] In this case, the attorneys were briefly afforded an opportunity to be heard on the issue.  However, the trial court failed to consider other alternatives before granting the State’s motion for a mistrial and the decision was not made after sufficient reflection.  The trial court allowed the attorneys to question the bailiff at Day’s attorney’s request, but in response, the trial court said, “frankly, any conversation would be grounds for a mistrial.  So I’m not—I’ll allow you to make your record, I don’t think that it’s going to be particularly helpful.”  The issue was raised shortly before 10:49 a.m., and the trial court granted a mistrial at approximately 10:56 a.m.  The trial court did not make any findings about juror bias or prejudice.  Day’s attorney requested a curative instruction, but the trial court failed to consider the request and granted a mistrial.  The record indicates the trial court believed a mistrial would be required if there was any conversation between the defendant and the jury.  A mistrial is not automatically required when the jury is exposed to improper communication; rather, the court must consider the circumstances of each case and determine if there is a manifest necessity for a mistrial.  
See
 
United States v. Melius
, 123 F.3d 1134, 1138-39 (8th Cir. 1997) (the trial court’s decision to grant a mistrial when there is a claim of possible juror bias is entitled to deference but the court’s decision is not beyond review and the court must act responsibly and deliberately considering the defendant’s interests).  The trial court’s decision to terminate a criminal proceeding after jeopardy has attached should not be taken lightly.  
Linghor
, 2004 ND 224, ¶ 22, 690 N.W.2d 201.  In this case, the trial court did not consider any alternatives and the decision was made quickly and without sufficient reflection.  The trial court did not engage in the “scrupulous exercise of judicial discretion” required before making its decision.

[¶11] Under the facts and circumstances of this case, we conclude granting a mistrial was not manifestly necessary and retrial is constitutionally barred.

IV

[¶12] We grant the petition for a supervisory writ and direct the trial court to vacate its order denying Day’s motion to dismiss and enter an order dismissing the complaint.

[¶13] Mary Muehlen Maring

Carol Ronning Kapsner

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur with the result.

Douglas L. Mattson, D.J.

[¶14] The Honorable Douglas L. Mattson, D.J., sitting in place of Sandstrom, J., disqualified.