No. 114,065

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY WEBB,
*Appellant*.

SYLLABUS BY THE COURT

An appeal by a defendant in a criminal case requires both a conviction and a sentence.

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 22, 2016. Appeal dismissed.

*William F. Dunn*, of Kansas City, for appellant.

*Kristiane N. Bryant*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.:  The State charged Timothy Webb with first-degree murder and criminal possession of a firearm. The jury convicted Webb of the firearm charge, but it failed to reach a verdict on the murder charge. Without any objection from Webb, the district court declared a mistrial. Shortly thereafter, Webb filed a motion to dismiss. The district court denied the motion, and Webb appeals. Because we find that Kansas statutes clearly only allow an appeal in the case of a final judgment, which requires a conviction

1

and sentence, we lack jurisdiction at this time to consider Webb's double jeopardy claim. Accordingly, this appeal is dismissed.

FACTUAL AND PROCEDURAL HISTORY

In May 2012, the State charged Webb with first-degree murder and criminal possession of a firearm by a convicted felon. The case proceeded to jury trial, where the district court instructed the jury on first-degree murder and several lesser-included offenses, namely:  two alternatives of second-degree murder, two alternatives of voluntary manslaughter, and involuntary manslaughter.

The jury returned a guilty verdict for the firearm charge but failed to reach a verdict on the murder charge. After the jury assured the district court that more deliberation would not result in a decision, the district court dismissed the jury and declared a mistrial. Webb never objected to this order.

But before the State pursued a second trial on the murder charge, Webb filed a motion for discharge, which essentially constituted a motion to dismiss. Specifically, Webb argued that because manifest necessity did not justify the mistrial, any retrial would violate his rights under the Double Jeopardy Clause. The district court denied the motion, and Webb attempted to appeal. Construing Webb's motion to appeal as a motion to reconsider the grant of a mistrial, the district court denied the motion. In response, Webb filed a timely notice of appeal.

Because a pretrial motion to dismiss is not presently considered a final judgment under Kansas law, this court ordered the parties to show cause as to why the appeal should not be dismissed for want of jurisdiction. Webb responded that United States Supreme Court precedent required allowing his appeal, and this court retained the appeal to consider the issue.

2

Webb's first and dispositive argument on appeal is uncomplicated: He claims that under United States Supreme Court precedent, the denial of a pretrial motion to dismiss based on double jeopardy principles is a final judgment for appellate purposes. To hold otherwise, he argues, offends the purpose of the Double Jeopardy Clause.

As our Kansas courts often repeat, the right to appeal in Kansas is purely statutory, and our Kansas appellate courts can exercise jurisdiction only under those circumstances allowed by statute. *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086, *rev. denied* 302 Kan. ___ (June 29, 2015). Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). Moreover, the interpretation of statute is also a question of law, again allowing this court unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014), *cert. denied* 135 S. Ct. 91 (2014).

In Kansas, and except as otherwise prohibited by statute, a criminal appeal "may be taken by the defendant as a matter of right from any judgment against the defendant in the district court." K.S.A. 2015 Supp. 22-3602(a). On appeal, "any decision of the district court or intermediate order made in the progress of the case may be reviewed." K.S.A. 2015 Supp. 22-3602(a). Absent certain exceptions, an appeal "from a district court's final judgment in a criminal case" comes first to the Kansas Court of Appeals. K.S.A. 2015 Supp. 22-3601(a). And according to our Kansas precedent, an appealable judgment under these statutes requires both a conviction and a sentence. See *State v. Freeman*, 236 Kan. 274, Syl. ¶ 2, 689 P.2d 885 (1984) (conviction not appealable until defendant is sentenced or sentence is suspended); *State v. Cameron*, 32 Kan. App. 2d 187, 189, 81 P.3d 442 (2003). As this court explained in *Cameron*:

"We arrive at this conclusion [that a diversion revocation is not an appealable order] based on the absence of any express statutory authority allowing a criminal defendant to take an interlocutory appeal, the general rule . . . that a judgment does not exist in a criminal case until conviction and sentencing, and a related assumption that a criminal defendant has no right to an interlocutory appeal because he or she can address any intermediate order of the court when appeal of the conviction is ultimately taken." 32 Kan. App. 2d at 189-90.

But without really acknowledging this body of law, Webb relies solely on *Abney v. United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), to support his right to appeal the present motion to dismiss. There, after a federal appellate court ordered a new trial, the defendants moved to dismiss their indictments on double jeopardy grounds. The district court denied the motion, and the defendants appealed. But the prosecution challenged the appellate court's jurisdiction, arguing that the denial of a pretrial motion to dismiss did not constitute an appealable decision under federal law. When the appellate court upheld the district court's order, the defendants again appealed to the United States Supreme Court.

After recognizing certain general rules about the right to appeal, the Supreme Court analyzed the federal statute that controls appellate jurisdiction. That statute, 28 U.S.C. § 1291, allows federal courts of appeals to review "'all final decisions of the district courts'" in both civil and criminal cases. 431 U.S. at 657. The Court next explained that several federal appellate courts had held that pretrial motions to dismiss for double jeopardy reasons fell within the "'collateral order' exception" to the federal appellate statute. 431 U.S. at 657. This exception, which first originated in a civil suit, recognizes that the plain language of § 1291 references only "'final decisions'" and not "'final judgments which terminate an action.'" *Abney*, 431 U.S. at 658; 28 U.S.C. § 1291. Accordingly, the exception employs a "'practical rather than a technical construction'" of the statute and uses a factor test to determine whether a decision that fails to terminate the action as a whole is nonetheless appealable under § 1291. 431 U.S. at 658.

4

After considering the various facets of the collateral order exception, the United States Supreme Court determined that pretrial orders to dismiss for double jeopardy reasons were indeed immediately appealable. 431 U.S. at 659. Importantly, the Court highlighted why challenges on double jeopardy grounds needed to be promptly reviewed:

"[T]his Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.

. . . .

". . . [It] assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. . . .

. . . .

". . . [T]hese aspects of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy . . . , his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." 431 U.S. at 660-62.

All that said, the Supreme Court limited the scope of its decision only to pretrial motions to dismiss on double jeopardy grounds due to the "special considerations permeating claims of that nature." 431 U.S. at 663.

A short time after the United States Supreme Court decided *Abney*, this court considered what if any effect its holding had on appellate jurisdiction in Kansas. In *State v. Fisher*, 2 Kan. App. 2d 353, 579 P.2d 167, *rev. denied* 225 Kan. 846 (1978), after the district court granted a mistrial over the defendant's objection, the defendant moved to dismiss the case on double jeopardy grounds. And like here, the defendant appealed immediately after the district court denied the motion. In considering whether it had

5

jurisdiction to hear the appeal, this court first examined our Kansas statutes, observing that the criminal appellate statute provides only for an appeal after judgment. 2 Kan. App. 2d at 354. This court also recognized that our Kansas Supreme Court had previously ruled that an appeal from a motion that raised double jeopardy issues could only be sustained "after trial and final judgment." 2 Kan. App. 2d at 354. However, because the defendant in *Fisher* argued that *Abney* required a change in Kansas law, this court continued on to analyze that decision in light of our state statutes.

First, this court determined that although 28 U.S.C. § 1291 closely resembles our civil appellate statute, it differs dramatically from our criminal appellate statute in that it references final decisions rather than judgments. *Fisher*, 2 Kan. App. 2d at 355. This court found this difference in construction important, noting that the *Abney* Court had recognized the "distinction between final decisions and judgments." *Fisher*, 2 Kan. App. 2d at 356. Additionally, this court observed that, unlike in the federal courts, our state lacked the collateral order exception applicable in *Abney*. *Fisher*, 2 Kan. App. 2d at 356. That said, this court also recognized the serious double jeopardy implications of its decision, explaining:

> "[W]e recognize that the Fifth Amendment to the Constitution of the United States and Section 10 of the Bill of Rights to the Constitution of the State of Kansas protect against being twice put in jeopardy for the same offense, and that such includes the right not to be tried twice for the same offense. [Citations omitted.] We recognize also that this important constitutional right may be lost to the defendant if he is compelled to again go to trial on the charges against him without having been able to present the issue of former jeopardy to an appellate court." 2 Kan. App. 2d at 356-57.

But in light of the lack of a constitutional right to appeal, this court determined that regardless of these concerns, "our statute, as interpreted by the Supreme Court, precludes review of [the double jeopardy] issue in this manner at this time." 2 Kan. App. 2d at 357.

6

A short time later, a Kansas defendant challenged the charges against him on double jeopardy grounds first by filing a motion to dismiss, which the district court denied, and then by pursuing a writ of habeas corpus. See *In re Berkowitz*, 3 Kan. App. 2d 726, 728, 602 P.2d 99 (1979). After reexamining *Abney* and considering the need for a double jeopardy challenge to be promptly reviewable, this court determined that pretrial double jeopardy issues could be properly raised and appealed through habeas corpus actions. *Berkowitz*, 3 Kan. App. 2d at 729-31.

Like this court in *Fisher*, courts in other states have reviewed their appellate statutes and consequently declined to follow *Abney*'s rationale. For example, the New Mexico Court of Appeals determined in *State v. Apodaca*, 123 N.M. 372, 375, 940 P.2d 478 (Ct. App. 1997), that while its Supreme Court "expressed substantial agreement with the collateral order doctrine in civil cases," it had yet to permit an appeal under that exception. Moreover, and more relevant to the instant case, the court found that its state statute allowing for criminal appeals provided only for appeal from "'the entry of any final judgment.'" 123 N.M. at 375. For that reason, the court wondered "whether our Supreme Court would apply the collateral order doctrine . . . when the statutory authority for appellate jurisdiction is restricted to final *judgments*." 123 N.M. at 376. Ultimately, however, the court allowed the defendant's appeal on other grounds. 123 N.M. at 376-77.

Similarly, in *West v. Commonwealth*, 249 Va. 241, 242, 455 S.E.2d 1 (1995), the Virginia Supreme Court found *Abney* and the collateral order exception inapplicable due to long-standing caselaw holding that "criminal appeals to [the Supreme Court] lie only to final judgments." Courts in Alabama, Minnesota, New Jersey, and California have examined their state appellate statutes and arrived at similar conclusions. See *Jones v. State*, 450 So. 2d 186, 187 (Ala. Crim. App. 1984); *State v. Murphy*, 537 N.W.2d 492, 494-95 (Minn. App. 1995); *State v. Nemes*, 405 N.J. Super. 102, 103, 963 A.2d 847

7

(2008); accord *People v. Rogers*, No. F057862, 2009 WL 2343718, at *2 (Cal. App. 2009) (unpublished opinion).

Of course, not all state statutes bar appeals from these sorts of pretrial motions. For example, the Ohio Supreme Court determined, with little reference to *Abney*, that its appellate statute allows for an appeal from a pretrial motion to dismiss on double jeopardy grounds. *State v. Anderson*, 138 Ohio St. 3d 264, 270-71, 6 N.E.3d 23 (2014); see also *State v. Crawford*, 257 Conn. 769, 775-76, 778 A.2d 947 (2001) (entertaining appeal based on caselaw allowing for interlocutory review). But as these cases clearly demonstrate, the paramount question when considering the reviewability of these sorts of pretrial motions is the plain language of a state's appellate statue and the corresponding caselaw.

Additionally, several other state courts have recognized the importance of *Abney* by allowing the defendant to challenge an indictment on double jeopardy grounds through pretrial writs rather than a direct appeal. See *Ex parte Adams*, 669 So. 2d 128, 132 (Ala. 1995); *Keating v. Sherlock*, 278 Mont. 218, 224-25, 924 P.2d 1297 (1996); *Day v. Haskell*, 799 N.W.2d 355, 358-60 (N.D. 2011); *Ex parte Robinson*, 641 S.W.2d 552, 554-55 (Tex. Crim. App. 1982). And along a similar vein, Arizona allows for the defendant to bring a special action challenging the denial of a double jeopardy motion. See *Nalbandian v. Superior Court In and For County of Maricopa*, 163 Ariz. 126, 129-31, 786 P.2d 977 (Ct. App. 1989).

As for the overall onus to apply federal caselaw to our state statutes, our Kansas Supreme Court recently reexamined and overruled a federally based exception to our civil appellate statute. *Wiechman v. Huddleston*, 304 Kan. 80, 370 P.3d 1194 (2016). That exception, which originated in *Brown v. Fitzpatrick*, 224 Kan. 636, 585 P.2d 987 (1978), and was rooted in federal precedent, allowed for an appeal when a party asserted a jurisdictional challenge to an order granting K.S.A. 60-260 relief. *Wiechman*, 304 Kan. at

85. But based on recent caselaw and the statutory nature of the right to appeal, our Supreme Court elected to overrule the exception. 304 Kan. at 86-88. As the court explained:

> "In our view, *Brown* focuses the analysis on the wrong question by allowing consistency with federal caselaw to trump a Kansas statute. . . . We conclude the best path is to abandon *Brown* and adhere to our jurisprudence that limits appellate jurisdiction in civil cases to that provided by statute." *Wiechman*, 304 Kan. at 88.

In his appeal, Webb essentially asks this court to ignore both the statutory nature of his right to appeal and our Kansas caselaw and adopt a rule that perfectly mirrors that in *Abney*. But as our Supreme Court expressed in *Wiechman*, consistency with federal caselaw is not nearly as important as recognizing the plain language of our Kansas statutes. See 304 Kan. at 86-88. As observed in *Fisher*, our Kansas criminal appellate statute allows only for appeals from a judgment. 2 Kan. App. 2d at 354-56. As a judgment requires both a conviction and sentence, Webb's appeal is not properly before this court and must be dismissed for want of jurisdiction.

Appeal dismissed.