NOT DESIGNATED FOR PUBLICATION

No. 114,826

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON CHRISTOPHER PEREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed March 17, 2017.
Appeal dismissed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*: Jason Christopher Perez moved to dismiss the complaint against him due to speedy trial violations. Three days after the court denied that motion, and on the day of trial, the State moved to dismiss the complaint without prejudice so it could refile it in another county where it believed venue was proper. The district court granted the State's motion to dismiss without prejudice, over Perez' objection that the dismissal should be with prejudice because of his speedy trial arguments. Perez appeals, but we

1

lack jurisdiction to consider the merits of his arguments due to the lack of a final judgment against him. Accordingly, we dismiss the appeal.

*Factual and procedural background*

Our recitation of the facts is highly summarized. Perez was charged in Sedgwick County in a 14-count complaint consisting of three counts of attempted first-degree murder, three counts of criminal possession of a firearm by a convicted felon, two counts of burglary, and one count each of aggravated assault of a law enforcement officer, criminal threat, fleeing or attempting to elude an officer, possession of methamphetamine, criminal damage to property, and possession of marijuana.

Perez' trial date was continued multiple times due to continuances requested by both Perez and the State. Some of the defendant's continuances were due to Perez' motions to replace counsel. Others were for preparing his defense, which required finding an expert and obtaining his opinion. Perez was not present at some of the status hearings at which continuances were granted. Ultimately, a firm trial date was set for April 13, 2015.

By the time the trial date approached, Perez had been incarcerated for 25 months, so he filed a motion to dismiss based on speedy trial grounds. He argued that continuances requested by his counsel could not be charged against him because he had not been present at the hearings and had had no opportunity to object to the continuances. On April 10, 2015, after hearing testimony from Perez and his counsel, the district court denied Perez' motion to dismiss, finding that Perez' counsel had ongoing authority from Perez to seek the continuances.

Three days later, on the date set for trial, the State learned that Perez had rejected its plea offer. The State informed the court it wished to file its complaint against Perez in

Butler County where it believed venue was proper, then file a motion to dismiss without prejudice the charges in Sedgwick County. After a brief hearing, the district court granted the State's motion to dismiss the complaint without prejudice over Perez' objection that the dismissal should be with prejudice due to speedy trial violations. Perez timely appealed.

*Our show cause order and oral argument*

In January 2016, the motions panel of this court ordered Perez to show cause why his appeal from the dismissal without prejudice should not be dismissed for lack of appellate jurisdiction. We noted that "[w]hile the decision here appears to be final, it is not clear whether the decision is adverse, since the charges have apparently been dismissed." Perez responded with a 23-page response arguing this court had jurisdiction. The sole statutory authority Perez cited in support of our jurisdiction was K.S.A. 2016 Supp. 22-3602(a), the general appeals statute for criminal defendants. His response primarily expanded upon arguments he had unsuccessfully made to the district court in his motion to dismiss based upon speedy trial violations.

Faced with Perez' 23-page response, our motions panel retained the appeal in February 2016 because "the appeal raise[d] constitutional issues," and we ordered the parties to address the issue of jurisdiction in their briefs on appeal. Both did so. Perez devoted over six pages of his July 2016 brief on appeal to arguing why this court has jurisdiction in his case.

At oral argument of the case on February 14, 2017, counsel for Perez prefaced his comments by saying he "intend[ed] to astound and amaze" the court by speaking less than usual. He then stated that, having recently pored through authorities in preparation for oral argument, he could find no "nugget" of authority to support this court's jurisdiction. He noted that a voluntary dismissal leaves a case in a position as if it had

3

never been brought, and that a separation of powers issue may arise if a court were to refuse a voluntary dismissal. He thus conceded this court lacks jurisdiction.

We are, in fact, astounded and amazed by counsel's revelation, although by its timing rather than by its concision. We are dismayed that counsel did not reach the conclusion that this court lacks jurisdiction over this appeal much earlier, for example, when responding to the court's show cause order, or when again addressing the issue of jurisdiction in his appellate brief. We are perplexed by the tacit implication that diligent counsel could research and argue in support of jurisdiction for 23 pages in response to a show cause order and for 6 pages in an appellate brief, yet not realize until the eve of oral argument that the position one has repeatedly researched and vigorously defended lacks a legal leg to stand on. Conversely, how does diligent counsel argue for a total of 29 pages on two separate occasions that jurisdiction is proper, when that conclusion lacks any support in the law?

Counsel did not suggest that the law relevant to this issue changed in any way during the pendency of this appeal, and we find it has not. Nor did counsel claim to have missed something in his earlier research which he discovered on the eve of oral argument that convinced him his earlier position was incorrect. Counsel volunteered no reason why, in the exercise of due diligence, he could not have earlier reached the conclusion dictated by law and informed opposing counsel and the court of his position before oral argument. See Supreme Court Rule 6.09 (2017 S. Ct. R. 39) (counsel may file a letter before oral argument advising the court of persuasive or controlling authority that has come to the party's attention after the party's last brief was filed).

Many hours of time have been invested in resolution of this appeal, as in every appeal, by employees in the district and appellate clerks' offices, the judges serving on the motions panel, staff attorneys reviewing the case, research attorneys preparing prehearing memoranda, and appellate judges reading briefs, researching issues, and

4

conferencing the case. The same can likely be said by the State for the time and resources it has expended on this appeal. Unnecessary delay not only postpones a conclusion in a particular case, but also robs precious time and resources from being invested in other, legitimate cases on appeal. We have many of those and no time to waste.

We do not condone any appellate practice that serves to prolong the resolution of a frivolous issue for the financial or other benefit of counsel at the expense of the speedy administration of justice. We lack the facts, however, to determine whether this is what happened in this case, although its posture suggests it may be so. Accordingly, we take no further action than to express our concern and our expectation that such an event will not recur.

*Dismissal of the case without prejudice does not constitute a final judgment against Perez*

The right to appeal in Kansas is purely statutory. *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086, *rev. denied* 302 Kan. 1017 (2015). The interpretation of statutes is a question of law, allowing this court unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

Perez' appeal challenges the denial of his motion to dismiss and the granting of the State's motion to dismiss without prejudice. As noted above, when we raised the issue of appellate jurisdiction, Perez argued at length that this court had jurisdiction, then conceded at oral argument that we lack jurisdiction.

We agree that we lack jurisdiction over this appeal. Kansas law provides that a criminal defendant may take an appeal as follows:

5

"[A]n appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right *from any judgment against the defendant* in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." (Emphasis added.) K.S.A. 2016 Supp. 22-3602(a).

Two other statutes relate to our decision regarding jurisdiction. The first informs us that if the appeal is not interlocutory, it must be from a final judgment:

"Any appeal permitted to be taken from a district court's final judgment in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court or in which a direct appeal to the supreme court is required. Whenever an interlocutory appeal is permitted in a criminal case in the district court, such appeal shall be taken to the court of appeals." K.S.A. 2016 Supp. 22-3601(a).

The second states that the defendant's time to appeal from a district court's judgment begins to run on the date of that judgment: "For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal." K.S.A. 2016 Supp. 22-3608(c).

Read together, these statutes place two requirements on Perez' right to appeal: there must be (1) a final judgment that is (2) adverse to the defendant. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014) (citing K.S.A. 2016 Supp. 22-3601 and 22-3608). Neither of these requirements is arguably met here.

In a criminal case, "judgment" requires both conviction and sentencing. *State v. Webb*, 52 Kan. App. 2d 891, 897-98, 378 P.3d 1107 (2016). As generally understood, the phrase "without prejudice" means "'there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought.'" *Frost v. Hardin*, 1 Kan. App. 2d 464, 466, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978). See *State v. Parry*, 51 Kan. App. 2d

6

928, 936, 358 P.3d 101 (2015), *rev. granted* 304 Kan. 1021 (2016). A dismissal without prejudice in a criminal case is thus not a judgment, as the defendant has neither been convicted nor sentenced. Nor is it final, because the case may be refiled.

The second requirement—that the judgment be "against the defendant"—is also unmet. The result of the district court's dismissal without prejudice was that all charges against Perez were dropped, which was undoubtedly favorable to him. He argues that this result was actually "against" him because it would subject him to stand trial in the county with proper venue and deprive him of the ability to assert a lack-of-venue defense in Sedgwick County. But he cites no authority for this creative interpretation.

We read "against the defendant" as analogous to "aggrieved party" in the rule governing appeals to the Kansas Supreme Court, as applied in *State v. Laborde*, 303 Kan. 1, 360 P.3d 1080 (2015). A party is not "aggrieved" merely because it would have preferred a different rationale to support its victory. 303 Kan. at 5-6. Perez was victorious because the charges were dropped; thus, he was not aggrieved by the decision which he has appealed, even though he would have preferred that the dismissal be with prejudice. See generally *Parr v. United States*, 351 U.S. 513, 514-16, 76 S. Ct. 912, 100 L. Ed. 1377 (1956). See *United States v. Tsosie*, 966 F.2d 1357, 1361 (10th Cir. 1992) (finding no appellate jurisdiction because the district court's dismissal of the original indictment without prejudice was not an appealable final judgment). A defendant is not aggrieved by a decision dismissing a complaint without prejudice.

If we view the Sedgwick County complaint in isolation from the Butler County complaint, an appeal from its dismissal will not lie because petitioner has not been aggrieved; thus, no decision has been made "against the defendant." But even if we were to view the complaints together as parts of a single prosecution, the order dismissing the Sedgwick County complaint would not be a final judgment. See *Parr*, 351 U.S. at 518. Either way, we lack jurisdiction.

7

Although we find no Kansas criminal case directly on point, our civil cases have examined a substantially similar statute—K.S.A. 60-2102(a)(4), providing that appellate jurisdiction may be invoked as a matter of right as to a final order in an action. Kansas Supreme Court cases uniformly hold that a dismissal without prejudice is not a final judgment; thus, the appellate court lacks jurisdiction to consider the appeal. See *Bain v. Artzer*, 271 Kan. 578, 25 P.3d 136 (2001) (holding that order of voluntary dismissal without prejudice was not a final judgment, thus, the Supreme Court lacked jurisdiction to consider the appeal); *Brower v. Bartal*, 268 Kan. 43, 45-46, 990 P.2d 1235 (1999) (finding an order granting a voluntary dismissal without prejudice, with conditions for refiling, did not constitute a final judgment); *Hodge v. Hodge*, 190 Kan. 492, 492-93, 376 P.2d 822 (1962) (order granting dismissal without prejudice is not a final order [under previous version of statute] and is not reviewable on appeal); *Scott v. Craft*, 145 Kan. 172, 173, 64 P.2d 10 (1937) (dismissing appeal which was brought after trial court granted dismissal without prejudice as court was without jurisdiction to consider). The reasoning of those cases as to what constitutes a final judgment applies here. See *State v. Beckley*, No. 93,548, 2005 WL 1661560 (Kan. App. 2005) (unpublished opinion) (citing *Bain v. Artzer*, 271 Kan. 578, 580, 25 P.3d 136 [2001]), in an appeal from denial of motion to correct illegal sentence, finding "no final judgment" with respect to defendant's 60-1507 motion which the district court never granted, dismissed, or overruled).

Perez also argues that because the speedy trial clock would reset in Butler County, he would lose his ability to press a speedy trial claim. But that conclusion is not necessarily so, for two reasons. First, in the "exceptional circumstance" when the State dismisses and refiles a case as a clear subterfuge to avoid dismissal under the speedy trial statute, the court can tack the time from one case on to another for purposes of computing speed trial time. See *State v. Goss*, 245 Kan. 189, 192, 777 P.2d 781 (1989). Second, Perez has docketed a direct appeal from his Butler County conviction and may appeal in that proceeding the order dismissing his complaint without prejudice for violation of Speedy Trial Act. See, *e.g.*, *State v. Young*, No. 107,056, 2013 WL 4778148 (Kan. App.

2013) (unpublished opinion); *State v. Hall*, No. 105,542, 2012 WL 924836 (Kan. App. 2012) (unpublished opinion). See also *Parr*, 351 U.S. at 519 (finding the defendant can raise the propriety of the district court's order, after judgment, in the venue in which the conviction was entered). He is thus not without a remedy in the event his speedy trial rights were, in fact, violated.

To the extent Perez attempts to separately appeal the denial of his motion to dismiss, caselaw unequivocally states that the denial of a motion to dismiss is not an appealable decision. See S*tate v. Webb*, 52 Kan. App. 2d 891, 898, 378 P.3d 1107 (2016). Nor did Perez timely file an appeal from that decision. Because the dismissal without prejudice is not a final judgment against Perez in the district court, we lack jurisdiction over this appeal.

Appeal dismissed.