NOT DESIGNATED FOR PUBLICATION

No. 120,819

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA ALAN WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed October 4, 2019. Appeal dismissed.

*John A. Boyd*, of Finch, Covington & Boyd, Chtd., of Ottawa, , for appellant.

*Tara N. Athmer*, assistant county attorney, *Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM:  Joshua Alan Wilson appeals his conviction by a magistrate judge for driving under the influence (DUI), transporting an open container, and failure to give a proper signal. Wilson appealed the magistrate's judgment to the district court for a trial de novo and moved to suppress the evidence. He now argues that the district court erred in denying his motion to suppress. But the only final judgment in this case was entered by a magistrate judge who is not regularly admitted to practice law. Thus, this court lacks jurisdiction over Wilson's appeal as there is no final judgment from the district court.

1

On October 25, 2015, Sergeant Kiel Lasswell stopped Wilson for failure to use a turn signal. After making the stop, Lasswell determined that Wilson was DUI and had an open container. On November 5, 2015, the State charged Wilson with DUI, transporting an open container, and failure to use a turn signal. On April 15, 2016, Wilson moved to suppress the evidence, arguing that the stop was illegal.

On June 3, 2016, Magistrate Judge Kevin L. Kimball, who is not admitted to practice law in Kansas, denied the motion to suppress and convicted Wilson on all counts. On October 26, 2016, Judge Kimball sentenced Wilson to 60 days in jail with 58 days suspended, 12 months' unsupervised probation, and imposed fees and costs. Judge Kimball ordered Wilson to serve the remaining two days of jail time beginning November 18, 2016. On the same day that he was sentenced by the magistrate judge, Wilson filed his notice of appeal for a de novo trial with the district court.

On December 20, 2016, the district court held an evidentiary hearing on Wilson's motion to suppress. After that hearing, the district court took the motion under advisement. On March 6, 2017, the district court reconvened the parties and ruled from the bench, denying Wilson's motion to suppress.

After making the ruling, the district court asked whether Wilson wanted to schedule the trial or set the case for a pretrial hearing. There was some discussion between Wilson's counsel and the court about Wilson dismissing the appeal and returning to the magistrate judge to reinstate the sentence. The district court warned Wilson: "I suspect if you dismiss this appeal you're probably done on appealing anything, and if you want to preserve this for further appeal then we probably do need to keep it in this court with probably a trial by stipulation to save your issue." Wilson responded that he "would like to dismiss, to go back to the original sentence." The district court told Wilson to

consider his options and stated that if he wanted to dismiss the appeal, he should file a notice of voluntary dismissal. No notice of voluntary dismissal appears in the record, but Wilson's case did not proceed to trial or sentencing in district court.

On October 15, 2018, the case returned to Magistrate Judge Kimball for a hearing. There is no explanation in the record for the lengthy delay between court hearings. The record includes no transcript of this hearing but the journal entry states that the case came before Judge Kimball "to reschedule jail time previously ordered." Judge Kimball ordered that the two-day jail term originally scheduled for November 2016 now be served beginning on October 21, 2018. The journal entry also states that the district court had granted Wilson's motion to dismiss his appeal to the district court.

On October 25, 2018, Wilson filed his notice of appeal to this court and both parties filed their briefs. The only issue briefed by the parties is whether the district court erred in denying Wilson's motion to suppress the evidence. On August 23, 2019, this court issued a show cause order directing the parties to address whether this court has jurisdiction over the appeal given that there does not appear to be a final judgment from the district court. Both parties responded to the show cause order.

DOES THIS COURT HAVE JURISDICTION OVER WILSON'S APPEAL?

In their responses to the show cause order, both parties agree that Wilson never filed a notice of voluntary dismissal of his appeal to the district court. But the parties disagree on the effect of the case returning to the magistrate judge to reschedule Wilson's sentence. Wilson contends that there is a final appealable judgment because he was convicted by the magistrate judge and sentenced on October 15, 2018. Wilson also argues that this court has jurisdiction because both the magistrate judge and the district court denied his motion to suppress. The State argues that the district court did not enter a final judgment and Wilson reappeared before the magistrate judge to reschedule his sentence.

3

Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *State v. Rocheleau*, 307 Kan. 761, 763, 415 P.3d 422 (2018). Subject to certain exceptions not applicable here, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in a manner prescribed by statutes. *State v. Barlow*, 303 Kan. 804, 808, 368 P.3d 331 (2016). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Kaelter v. Sokol*, 301 Kan. 247, Syl. ¶ 1, 340 P.3d 1210 (2015).

"'[A]ppellate courts do not have discretionary power to entertain appeals from all district court orders.'" *State v. Ellmaker*, 289 Kan. 1132, 1148, 221 P.3d 1105 (2009). A defendant in a criminal case can only appeal "a district court's final judgment." K.S.A. 2018 Supp. 22-3601(a). A final judgment from the district court in a criminal case requires a conviction and a sentence in district court. *State v. Webb*, 52 Kan. App. 2d 891, 893, 378 P.3d 1107 (2016).

Magistrate Judge Kimball convicted Wilson on June 3, 2016, and imposed sentence on October 26, 2016. The parties do not dispute that Judge Kimball is not admitted to practice law in Kansas. "A defendant shall have the right to appeal to a district judge from any judgment of a district magistrate judge who is not regularly admitted to practice law in Kansas." K.S.A. 2018 Supp. 22-3609a(1). Upon appealing to a district judge, the case shall be tried de novo. K.S.A. 2018 Supp. 22-3609a(3). Only after a de novo trial in district court may the defendant appeal to this court. See *City of Garden City v. Bird*, No. 94,616, 2006 WL 2265081, at *2 (Kan. App. 2006) (unpublished opinion) (An appeal under K.S.A. 22-3609a "results in a trial de novo either before a district court judge or a jury, followed by an appeal to this court if needed. The trial de novo allows the criminal defendant to revisit the facts before the district court while still preserving the statutory right to appellate review.").

4

Wilson contends that there was a final judgment because he was convicted and sentenced by the magistrate judge. But Wilson's argument disregards the requirement of a final judgment from *the district court* before this court may exercise jurisdiction. While Wilson did file a notice of appeal to the district court, there was no conviction or sentence imposed by the district court. Instead, the only proceeding before the district court was its pretrial ruling on Wilson's motion to suppress. The district court denied the motion and warned Wilson that a trial was necessary if he wanted to preserve the suppression issue for further appeal. Although no notice of voluntary dismissal of the appeal to district court appears in the record, the parties ultimately returned to Magistrate Judge Kimball on October 15, 2018, at which time he rescheduled the jail time originally imposed.

K.S.A. 2018 Supp. 22-3609a mandates that Wilson first appeal the judgment from the magistrate judge to the district court for a de novo trial. Wilson's case did not proceed to a de novo trial or sentencing before the district court and the district court did not enter a final judgment. A criminal defendant can only appeal from a final judgment entered in district court. K.S.A. 2018 Supp. 22-3601(a). It appears from the record before us that Wilson's case may still be pending in district court as he never filed a voluntary dismissal of his appeal for a de novo trial in district court. We offer no opinion on whether Wilson can still seek to obtain a final judgment in district court. But Kansas appellate courts generally exercise jurisdiction only where an appeal conforms to the applicable statutes. *Barlow*, 303 Kan. at 808. Because no final judgment was entered by the district court in Wilson's case, this court lacks jurisdiction over his appeal.

Appeal dismissed.